■ In the Matter of SALVATORE V. CATENA, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at

Special Term, entered in Albany County) to review a determination of respondent State Comptroller which denied petitioner's application for retirement service credits. Petitioner, who is a member of the State Retirement System as a result of his employment at Central Islip State Hospital, seeks review of the State Comptroller's determination, after a hearing, that he was not entitled to service credit for the two-year period from July 1, 1966 through June 30, 1968. During the first year of that period, petitioner apparently was in the final year of his medical education at New York Medical College Flower Fifth Avenue Hospital (Flower) and acted in the capacity of an undergraduate intern at New York City's Metropolitan Hospital Center (Metropolitan), receiving free room and board and laundry there. During the second year of the pertinent period, after receiving his medical degree, he served as a graduate intern at Metropolitan under a contract between Flower and the City of New York for the furnishing of staff at the hospital, and was paid a salary of $98 a week by Flower. The determination denying service credits should be sustained. Certainly it was not unreasonable for the Comptroller to have concluded that during petitioner's first year at Metropolitan, when he served as an undergraduate intern as part of his medical school educational program, he was not in the "paid service" of a governmental employer (Retirement and Social Security Law, § 2, subd 11, par a; § 41, subd b, par 1). Likewise, there was substantial evidence to support the Comptroller's finding that during the second year of the period in question, when petitioner served as a graduate intern at Metropolitan, he was an employee of Flower and not of the City of New York. Petitioner's salary was paid by Flower. The contract between the city and Flower imposed the primary responsibility on Flower for the organization and operation of the internship and residency training programs and gave Flower the right to provide, supervise and discharge staff, including interns and residents. That the city's Commissioner of Hospitals retained the right of over-all general supervision under the contract does not compel a contrary conclusion. As the hearing officer properly concluded, Flower and not the city actually controlled petitioner's assignments to perform services at Metropolitan. Nor is it of any consequence that Metropolitan furnished room and board to petitioner during his internship. The contract provided that interns assigned to Metropolitan by Flower would receive such perquisites normally provided by a hospital for house staff. Thus this is not indicative of any employment relationship with the city. Since there clearly was a rational basis for the Comptroller to conclude that petitioner's internships did not constitute paid service as an employee of government, the determination should be confirmed (*Matter of Weiser v Levitt*, 79 AD2d 769). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.