■ In the Matter of AUSTIN W. ERWIN, Appellant, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered January 31, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

In June, 1981, after a hearing, the Comptroller rendered a decision denying petitioner additional public service retirement credit for services the latter rendered to the Town of Geneseo in Livingston County from 1955 to 1962. Petitioner then commenced a CPLR article 78 proceeding challenging, as arbitrary and capricious, the Comptroller's determination that petitioner was an independent contractor during the years in question. This court, in a split decision (*Matter of Erwin v Regan,* 89 AD2d 753) which was affirmed by the Court of Appeals (58 NY2d 722), confirmed the Comptroller's determination. Thereafter, petitioner timely instituted the instant CPLR article 78 proceeding directed at the New York State Employees' Retirement System, which petitioner maintains is a separate and distinct entity from the Comptroller. In this proceeding, which was prompted by respondent's denial of petitioner's demand for a hearing and a redetermination by the Comptroller, it is again claimed that the very same administrative hearing that had been the subject of the earlier article 78 proceeding was unfair and denied him due process because the hearing produced an improper, incomplete and inadequate record. Special Term dismissed the petition upon concluding that consideration of this second petition was barred by the doctrine of *res judicata,* and we agree.

Petitioner's contention that the conduct of his hearing violated due process is predicated on the assertion that improperly submitted evidence was received by the hearing officer, and that petitioner was further prejudiced by the effect which was given to a stipulation that had been entered into in the course of that hearing. While these identical arguments were advanced in the prior litigation, neither this court nor the Court of Appeals elected to disturb the earlier decision. As petitioner's due process claim has already been accorded complete judicial review, relitigation of exactly the same claim by and between the selfsame parties and their privies is absolutely barred (*Matter of Doherty v Cuomo,* 76 AD2d 14, 17-18). Since this principle applies to administrative adjudications where, as here, disputed issues of fact were properly before the agency which acted within its authority and afforded the parties an adequate opportunity to litigate (*id.,* at p 18), relitigation of petitioner's claim was properly denied by respondent.

That the present lawsuit names respondent rather than the Comptroller does not preclude application of *res judicata* for subdivision b of section 374 of the Retirement and Social Security Law unambiguously mandates that "[t]he comptroller shall have exclusive authority to determine all applications for any form of retirement or benefit provided for in this article".

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.