■ In the Matter of the Claim of MICHAEL J. REGAN, Appellant. COCA COLA BOTTLING COMPANY OF NEW YORK, INC., Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [640 NYS2d 633] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 14, 1993, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his position as a loader at a beverage plant after being insubordinate and argumentative with his supervisors on three separate occasions. The Board denied his application for unemployment insurance benefits upon finding that he was terminated for misconduct. Claimant challenges this decision, arguing that the Board erroneously relied upon the factual findings contained in an arbitration award. In particular, claimant contends that he did not have a full and fair opportunity to litigate the issue of his discharge at the arbitration hearing. Upon our review of the record, we find claimant's argument to be without merit.

The arbitrator found that on August 9, 1990, February 16,

1991 and March 15, 1991,* claimant had confrontations with his supervisors during which he engaged in insubordinate, argumentative and threatening conduct. Based on this, the arbitrator found claimant guilty of willful misconduct and concluded that his discharge was justified. Claimant subsequently sought to vacate the arbitration award by commencing a suit in Federal court in which he argued, *inter alia*, that he was inadequately represented at the arbitration hearing and that the union failed to present mitigating evidence on his behalf. The court, however, rejected claimant's arguments and upheld the arbitrator's award (*see, Regan v Soft Drink & Brewery Workers Union*, US Dist Ct, SD NY, Mar. 31, 1995, Stanton, J., *affd* 89 F3d 826).

Given that claimant seeks to raise the same arguments in this proceeding which were raised and rejected by the courts in the Federal litigation, we find no merit to his claim that he was deprived of a full and fair opportunity to litigate the issue of his discharge. Accordingly, we find that the Board properly gave collateral estoppel effect to the arbitration award (*see, Matter of Douglas [Hartnett]*, 143 AD2d 458) and that the arbitrator's factual findings provide substantial evidence supporting the Board's decision.

Cardona, P. J., Mikoll, Mercure, Crew III and White, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Although the arbitrator refers to the date of the first incident as August 9, 1991, this is evidently a typographical error since the parties agree that the only incident prior to the February and March 1991 incidents occurred on August 9, 1990.