■ In the Matter of the Claim of PETER F. FOLDES, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [660 NYS2d 190] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 24, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, employed by a hospital as a plumber, was discharged after he failed to complete two plumbing assignments and left the hospital premises to go to the hospital's personnel office in contravention of his supervisor's directions. An arbitration hearing ensued which resulted in a finding that claimant had violated the terms of his last-chance employment agreement, thereby justifying his discharge. The Unemployment Insurance Appeal Board, relying upon the arbitrator's decision, ruled that claimant was guilty of disqualifying misconduct. We affirm. The arbitrator's decision was properly given collateral estoppel effect by the Board inasmuch as claimant was given a full and fair opportunity to litigate the issues surrounding his termination before the arbitrator (*see, Matter of Kilgore [Triboro Coach Corp.—Sweeney]*, 227 AD2d 710; *Matter of Regan [Coca Cola Bottling Co.—Sweeney]*, 226 AD2d 825). Furthermore, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct (*see, id.*). Claimant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.