■ In the Matter of EVANGELIA DOUROYIANNIS, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES RETIREMENT SYSTEM et al., Respondents. [689 NYS2d 750] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for retroactive membership in respondent New York State and Local Employees Retirement System.

Pursuant to Retirement and Social Security Law § 803, petitioner applied for membership in respondent New York State and Local Employees Retirement System (hereinafter Retirement System) retroactive to the commencement of her employment with the Vanderbilt Museum and Planetarium (hereinafter museum) in Suffolk County in January 1974. After the initial denial of her application, petitioner sought administrative review by respondent Comptroller. Based upon the evidence presented at a hearing, the Comptroller concluded that, because the museum was a private employer, petitioner's application must be denied.

Petitioner's eligibility for retroactive membership depends upon her entitlement to join the Retirement System in January 1974 when she commenced employment with the museum (see, Retirement and Social Security Law § 803 [b]; Matter of Krak v McCall, 249 AD2d 821). The pertinent issue is whether in January 1974 petitioner was employed in the service of the State or a participating employer (see, Retirement and Social Security Law § 40). Petitioner concedes that the museum is a private employer. However, she contends that while she worked at the museum, she was employed by Suffolk County, a public entity participating in the Retirement System. In support of her assertion, petitioner submitted several County records to demonstrate her civil service status after January 1974 and examples of paycheck stubs to demonstrate that she was paid by the County during the period she worked at the museum.

Contrary to her claim that she was a County employee, the record reveals petitioner listed the "Vanderbilt Planetarium" as her employer on her application for retroactive membership. She also does not claim that she performed any services for the County or any entity other than the museum. Nor does petitioner allege that her work at the museum was supervised and controlled by County personnel or anyone other than museum personnel. In these circumstances, and in view of the

Comptroller's exclusive authority to determine applications for any form of retirement benefits (see, Matter of Cassidy v Regan, 160 AD2d 1210, 1211), the Comptroller could conclude that, despite certain documentary evidence to the contrary, petitioner was actually in the service of the museum and not the County (see, Matter of Catena v New York State Employees' Retirement Sys., 91 AD2d 1138). Inasmuch as there is no dispute that the museum is not a participating employer, the determination is supported by substantial evidence and must, therefore, be confirmed.

Crew III, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.