■ In the Matter of DIANE WHALEN, Petitioner, v H. CARL McCALL, as State Comptroller, New York State and Local Retirement System, Respondent. [723 NYS2d 567] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

In May 1996, petitioner, who was then employed as a calculations clerk at Buffalo State College, was involved in an automobile accident in which she sustained a number of injuries, including facial injuries which resulted in the loss of her right eye. Petitioner subsequently applied for accidental disability retirement benefits and, after a hearing, respondent denied the application. Seeking to annul respondent's determination, petitioner commenced this CPLR article 78 proceeding.

Petitioner's treating physician, an internist, testified that petitioner is disabled as a result of continuing headaches and facial pain and the inability to maintain focus with her left eye, problems caused by neurologic trauma from the accident. The neurologist who examined petitioner on behalf of the State and Local Employees' Retirement System testified that, other than the loss of her right eye, petitioner's neurologic examination was normal and he found no objective evidence to explain the continuing headaches and pain claimed by petitioner. The neurologist opined that petitioner was not disabled from performing her duties. The ophthalmologist who examined petitioner on behalf of the Retirement System testified that, although petitioner seemed emotionally disturbed by the accident, there was no ophthalmologic reason why petitioner could not perform her duties.

It is well settled that respondent has the authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another (*see, e.g.*, *Matter of Tower v McCall*, 257 AD2d 973, 974). Despite petitioner's criticisms, the opinions of the Retirement System's experts are not so lacking in foundation or rationality as to preclude respondent from exercising the authority to evaluate conflicting medical opinions (*compare*, *Matter of De Carolis v McCall*, 272 AD2d 824, *with Matter of Principe v McCall*, 255 AD2d 853, 855-856; *see*, *Matter of Harper v McCall*, 277 AD2d 589). Respondent's determination is supported by substantial evidence and, therefore, it must be confirmed.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.