■ In the Matter of GEORGE D. MEEGAN, SR., Petitioner, v NEW YORK STATE RETIREMENT SYSTEM et al., Respondents. [728

NYS2d 592] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and ordinary disability retirement benefits.

Petitioner, an employee of the State Division of Equalization and Assessment and a tier I member of the New York State and Local Employees' Retirement System, injured his back and knee during a fall he sustained at work in 1989. In 1994 and 1995, he made applications for accidental and ordinary disability retirement benefits based upon those injuries. The applications were denied, both initially and following a hearing and redetermination pursuant to Retirement and Social Security Law § 74 (d), upon the ground that petitioner failed to establish that he was permanently incapacitated for the performance of his duties. Petitioner did not seek judicial review of that determination.

In 1996, petitioner refiled for accidental and ordinary disability retirement benefits upon the grounds that there had been a substantial worsening of his earlier condition and also that he then suffered from disabling carpal tunnel syndrome. Following an initial denial and a request for redetermination, a hearing was conducted at which petitioner presented no medical witnesses but instead chose to rely on the medical records that were already before respondent Comptroller. Ultimately, the Comptroller found that the evidence did not indicate a substantial worsening of petitioner's previously-alleged injuries and his carpal tunnel syndrome was not a disabling condition. Accordingly, the applications were denied. Petitioner now challenges the Comptroller's determination in this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g).

Pursuant to Retirement and Social Security Law § 74 (b), the Comptroller has the "exclusive authority to determine all applications for any form of retirement or benefit," and those determinations must be upheld if supported by substantial evidence (*see, Matter of Jarek v McCall*, 268 AD2d 654, 655). Notably, based upon his physical examination and review of petitioner's medical reports and diagnostic test results, neurologist Sheldon Staunton expressed the opinion that neither petitioner's established "bulging disk at L4-L5" or "mild carpal tunnel syndrome" disable him from performing his normal job functions, which require neither "heavy lifting, bending [or] straining" or keyboarding or similar activities "for hours at a stretch," as would be the case with a transcriptionist or a ste-

nographer. In fact, it was Staunton's view that petitioner's straight leg raising testing was clearly indicative of malingering behavior. Although there was other evidence in the record which, if credited, would have supported a contrary conclusion, "[i]t is well settled that [the Comptroller] has the authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another" (*Matter of Whalen v McCall,* 282 AD2d 917, 918). Inasmuch as Staunton's report provided substantial evidentiary support for the Comptroller's determination, our review function is at an end.

Petitioner's additional arguments have been considered and found to be unavailing.

Peters, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.