■ In the Matter of PATRICK KILKENNY, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [728 NYS2d 820] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

In September 1991, petitioner, a police officer, sustained head and neck injuries when a picture fell from a wall and struck him while he was sitting at a desk in the precinct. In January 1992, he applied for accidental disability retirement benefits listing as claimed disabilities head and neck injuries, as well as memory loss. Following a hearing, petitioner's application was denied. Thereafter, in April 1994, petitioner reapplied for benefits asserting, *inter alia,* that his memory loss condition had deteriorated and that he was suffering from a mental disability. Following a hearing, respondent Comptroller denied petitioner's application and this CPLR article 78 proceeding ensued.

Initially, we reject petitioner's contention that the Comptroller's determination is not supported by substantial evidence and must be annulled. It is well settled that the Comptroller has the authority to evaluate and resolve conflicts in medical evidence and credit the opinion of one expert over that of another (*see, Matter of Whalen v McCall,* 282 AD2d 917; *Matter of Arnold v McCall,* 259 AD2d 830). A psychiatrist who appeared as an expert witness on behalf of respondent New York State and Local Police and Fire Retirement System testified that the September 1991 incident was not a significant cause of petitioner's psychiatric condition. Accordingly, we find that there is substantial evidence to support the Comptroller's determination that petitioner is not mentally incapacitated from the performance of his duties as the natural and proximate result of the September 1991 incident (*see, Matter of Clemons v McCall,* 274 AD2d 654; *Matter of Heisler v Regan,* 191 AD2d 897).

Notwithstanding petitioner's assertion to the contrary, we find that he is collaterally estopped from raising a claim of disabling memory loss inasmuch as he already litigated the issue in connection with his 1992 claim for benefits (see, *Matter of Erwin v New York State Employees' Retirement Sys.*, 106 AD2d 836; see generally, *Matter of Foldes [Sweeney]*, 241 AD2d 742). Furthermore, none of the experts testified that petitioner's memory loss had so deteriorated since 1992 that his 1994 assertion of memory loss amounts to a new claim and, accordingly, we decline to disturb the Comptroller's decision in this regard.

Cardona, P. J., Mercure, Crew III and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.