■ In the Matter of DANIEL BUCZYNSKI, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES RETIREMENT SYSTEM et al., Respondents. [737 NYS2d 409] —Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner, who worked as a marketing specialist for the Lottery Division, filed an application for disability retirement benefits in January 1997 based upon, inter alia, anxiety and depression. Petitioner stopped working in May 1996 as a result of what his treating psychologist ultimately diagnosed as panic attacks and a major depression, which arose after petitioner's duties at work increased and he developed Bell's palsy. Noting that petitioner continued to exhibit significant cognitive deficits despite several years of therapy and medication, the psychologist opined that petitioner was permanently disabled from performing his duties. The psychiatrist who examined petitioner in July 1997 at the request of respondent State and Local Employees Retirement System opined that petitioner had suffered a major depression in 1996 that left him unable to perform his duties but that petitioner's condition had improved, that he had no cognitive deficiency and that, with further treatment, he should be able to return to the type of work he had been doing. Thus, the psychiatrist concluded that petitioner was not permanently disabled from the performance of his duties. Based upon the psychiatrist's opinion, respondent Comptroller denied petitioner's application.

There is no merit to petitioner's claim that the psychiatrist's opinion was insufficient to provide the necessary substantial evidence to support the Comptroller's determination. Where, as here, the Retirement System's expert provides an articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records, the expert's opinion generally will not be considered so lacking in foundation or rationality as to preclude the Comptroller from exercising the authority to evaluate conflicting medical opinions (*see, Matter of Harper v McCall*, 277 AD2d 589, 590). Despite petitioner's claim that the psychiatrist's opinion

was speculative and equivocal, our review of the record discloses nothing that would deprive the opinion of probative value; rather, the expert's testimony presented a question of credibility for the Comptroller to resolve (*see, e.g., Matter of Higgins v McCall*, 283 AD2d 879, 880).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.