■ In the Matter of JOSEPH H. CHRYSLER, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York and Administrator of the New York State and Local Employee Retirement Systems, Respondent. [738 NYS2d 766] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

During petitioner's 19 years of employment as a laborer for the Town of Lewiston, Niagara County, he suffered a series of injuries to his back, which ultimately led to the filing of this application for disability retirement benefits pursuant to Retirement and Social Security Law article 15. Following the initial disapproval of petitioner's application, petitioner was granted a redetermination hearing before a Hearing Officer. At the conclusion of the fact-finding hearing, at which the only witnesses were petitioner and two physicians, petitioner's ap-

plication was denied because he failed to establish that he was permanently incapacitated from the performance of his duties. Following respondent's approval of the recommendation of the Hearing Officer to deny the application, petitioner commenced this CPLR article 78 proceeding seeking to annul the determination.

Petitioner first asserts that respondent's determination is not supported by substantial evidence. Petitioner's rationale is that neither the Hearing Officer nor respondent credited the testimony of the New York State and Local Retirement System's expert witness over that of petitioner's expert witness and, therefore, these doctors' opinions are "offsetting," leaving the Hearing Officer only with the diagnostic medical evidence and petitioner's own testimony which clearly establish his entitlement to benefits. Petitioner concludes, therefore, that he has met his burden of proof as a matter of law. We reject this argument for two reasons. First, the clear implication from the determination that petitioner failed to meet his burden of proof is that the Hearing Officer credited the opinion of the Retirement System's medical expert over that of petitioner's expert. Petitioner's argument ignores respondent's "authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another" (*Matter of Whalen v McCall*, 282 AD2d 917, 918; *see, Matter of Kilkenny v McCall*, 285 AD2d 911, 911; *Matter of Jones v McCall*, 278 AD2d 741, 742).

Second, respondent's determination must be upheld if supported by substantial evidence (*see,* Retirement and Social Security Law § 74 [b]; *Matter of Meegan v New York State Retirement Sys.*, 285 AD2d 892). In the context of a disability case, substantial evidence means "some credible evidence" (*Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760; *see, Matter of Di Francesco v Comptroller of State of N.Y.*, 277 AD2d 762, 764). While agreeing with petitioner's expert that the diagnostic evidence demonstrated some degenerative changes in petitioner's spine, the Retirement System's expert found no objective evidence that petitioner was permanently incapacitated from the performance of his job. This opinion, which was based on the doctor's review of the tests and documentation, as well as his own examination of petitioner, "must be upheld if such finding is not irrational or unreasonable" (*Matter of Principe v McCall*, 255 AD2d 853, 855). We, thus, conclude that respondent's determination is supported by credible evidence and cannot be disturbed.

We next examine petitioner's contention that he was deprived of a fair hearing. First, petitioner points to the failure

of the Hearing Officer to permit cross-examination of the Retirement System's medical expert using two MRI enlargements, which he sought to enter into evidence. In our view, the Hearing Officer had ample basis to preclude the introduction of the enlargements since petitioner failed to lay a proper foundation and since the Retirement System's medical expert indicated that the enlargements would add nothing to his testimony, which was based, in part, on his review of the original MRIs, which were in evidence.

Likewise, there is no merit to petitioner's contention that his right to a fair trial was infringed upon by allowing the receipt into evidence of the medical report created by the Retirement System's expert, in addition to the expert's live testimony. Contrary to petitioner's argument, neither *Matter of Di Francesco v Comptroller of State of N.Y.* (*supra*) nor 2 NYCRR 317.5 (d) are applicable to prohibit the receipt of this report. Moreover, the receipt of the report was not prejudicial to petitioner since he had a full opportunity to cross-examine the doctor with respect to its contents.

As a final argument, petitioner contends that his right to a fair trial was violated when the Hearing Officer refused to correct alleged errors in the hearing transcript. These errors principally involve the substitution of the word "objective" for the word "subjective" throughout a portion of the testimony of petitioner's medical expert. Although the transcript was not, per se, edited, the Hearing Officer agreed to view the transcript with the substitution urged by petitioner. As a result, the failure to actually amend the transcript in no way affected the determination of the Hearing Officer.

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.