■ In the Matter of WILLIAM RUSSO, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [740 NYS2d 525] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for accidental disability retirement benefits.

Petitioner was employed as a senior recreation therapist for the Staten Island Developmental Disabilities Services office. He alleged that he sustained permanent disabling back injuries as the result of tripping and falling while walking between two buildings at his work facility on November 21, 1996, and moving a resident of the facility on June 19, 1997. Petitioner's application for accidental disability retirement benefits was denied when it was determined that petitioner was not permanently incapacitated for the performance of his duties as a senior recreation therapist. This proceeding ensued.

At the hearing in this matter, John Reilly, an orthopedic surgeon who had treated petitioner since July 22, 1997, testified that petitioner had several herniated discs, one of which was bulging into and occupying 50% of the space allotted to the spinal cord. In Reilly's opinion, petitioner was permanently disabled from returning to his job and would remain so even if he underwent successful corrective surgery. Leon Sultan, an orthopedic surgeon who examined petitioner on behalf of re-

spondent New York State and Local Employees' Retirement System, testified that he had evaluated petitioner's history, examined him and reviewed the results of his MRI. Sultan concluded that none of the disc bulges shown on the MRI impinged sufficiently to compress the spinal cord, and he opined that petitioner was not disabled from performing his duties. The Hearing Officer opined that Sultan's conclusion carried more weight because it was based on a more detailed orthopedic examination consisting of a variety of tests.

Faced with these conflicting medical opinions, respondent Comptroller was entitled to credit Sultan's testimony inasmuch as his articulated, rational and fact-based opinion was grounded upon a physical examination of petitioner and review of the relevant medical tests and records (*see, Matter of Buczynski v New York State & Local Empls. Retirement Sys.*, 291 AD2d 630; *Matter of Higgins v McCall*, 283 AD2d 879, 880). Because Sultan's testimony constituted substantial evidence supporting the Comptroller's determination denying petitioner's application, that determination must be upheld, notwithstanding the existence of evidence which could support a contrary finding (*see, Matter of Bull v McCall*, 291 AD2d 628; *Matter of Harper v McCall*, 277 AD2d 589).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.