■ In the Matter of ELAINE BROWN, Petitioner, v H. CARL MCCALL, as Comptroller of the State of New York, et al., Respondents. [741 NYS2d 609] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for disability retirement benefits.

Petitioner was employed by the State as a law stenographer

and is a member of the New York State and Local Employees' Retirement System (hereinafter the Retirement System). In May 1997, she filed an application for disability retirement benefits under Retirement and Social Security Law article 15, claiming permanent incapacitation from her employment duties as a result of physical ailments allegedly caused by inhalation of asbestos-contaminated air and overexposure to fluorescent lighting in her workplace. The Retirement System disapproved the application on the basis that petitioner was not permanently incapacitated from the performance of her duties.

Upon petitioner's request, a hearing on the matter ensued. Petitioner testified that after working for eight months in a windowless office illuminated by fluorescent lights, she began to experience headaches, neck pain, blurred vision, dizziness, eye and skin discoloration and hair loss, and that these symptoms persisted even after she ceased working in that environment. Petitioner also relied on the testimony and submissions of her treating neurologist, who diagnosed petitioner with cephalgia (headaches) and nystagmus (abnormal involuntary eye movement) related to her exposure to fluorescent lights and opined that petitioner was totally disabled. No testimony was received supporting petitioner's claim, as per her application for benefits, that she was incapacitated as a result of inhaling contaminated air.

A neurologist who examined petitioner at the Retirement System's request disagreed, finding no pathology which would indicate that petitioner is permanently disabled. Specifically, he testified that petitioner's neurological examination showed nothing abnormal and revealed no cause for cephalgia, which he described as a symptom rather than a diagnosis. He also found no indication that petitioner had nystagmus and testified that fluorescent lighting does not cause permanent neurological symptoms such as those complained of by petitioner. Other medical records submitted include the report of an ophthalmologist who detected no pathological findings consistent with petitioner's symptoms, and the report of petitioner's own ophthalmologist who found no visual disability.

After weighing the conflicting medical evidence, the Hearing Officer determined that petitioner failed to demonstrate that she is incapacitated from the performance of her employment duties. Respondent Comptroller adopted the findings and conclusions of the Hearing Officer and denied petitioner's application. Petitioner thereafter commenced this proceeding, which was transferred to this Court by Supreme Court.

"It is well settled that the Comptroller has exclusive authority to determine applications for any form of retirement benefit * * * [and it] is equally well settled that the Comptroller's determinations must be upheld if supported by substantial evidence * * *" (*Matter of Cassidy v Regan*, 160 AD2d 1210, 1211 [citations omitted]; *see, Matter of Keller v Regan*, 212 AD2d 856, 858). Here, the opinions of the neurologist who testified on behalf of the Retirement System and the two ophthalmologists—all based on physical examinations of petitioner—amply support the Comptroller's conclusion that petitioner suffered no permanent disability as a result of the fluorescent lighting in her workplace. The conflicting testimony of petitioner's treating neurologist does not include any objective basis for the nystagmus diagnosis, acknowledges that his finding of permanent disability was based primarily on subjective considerations and is, at points, vague and contradictory. In any event, "[i]t is well settled that [the Comptroller] has the authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another" (*Matter of Whalen v McCall*, 282 AD2d 917, 918; *see, Matter of Chrysler v McCall*, 292 AD2d 700, 701). Finally, the record lends no support to petitioner's claim of incapacity due to exposure to asbestos.

Accordingly, we conclude that the Comptroller's determination that petitioner failed to maintain her burden of proving that she was permanently incapacitated from the performance of her duties is supported by substantial evidence (*see, Matter of Chrysler v McCall, supra*, at 768; *Matter of Bracero v McCall*, 279 AD2d 755, 756; *Matter of Rakowski v McCall*, 246 AD2d 734, 734-735).

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.