■ In the Matter of STEVEN HILL, Petitioner, v NEW YORK
STATE AND LOCAL RETIREMENT SYSTEMS et al., Respondents.
[744 NYS2d 536] —Peters, J. Proceeding pursuant to CPLR article
78 (transferred to this Court by order of the Supreme Court,
entered in Albany County) to review a determination of re-
spondent Comptroller which denied petitioner's application for
disability retirement benefits.

Petitioner, a correction officer, filed an application for dis-
ability retirement benefits alleging that he developed a dis-
abling arthritic condition. Concluding that petitioner failed to
sustain his burden of proving that he was permanently inca-
pacitated from performing his job duties, respondent Comptrol-
ler denied the application. This Court subsequently annulled
this determination because the Hearing Officer issued a deci-
sion prior to receiving petitioner's brief, and the matter was
remitted for a de novo determination upon the existing record
(283 AD2d 846). Upon remittal, the application was again
denied and petitioner commenced this CPLR article 78 proceed-
ing challenging the determination, contending that the
testimony of the neurologist who examined petitioner on behalf
of respondent New York State and Local Retirement Systems
was insufficient to provide the substantial evidence required to
support the determination.

It is fundamental that the Comptroller possesses the author-
ity to resolve conflicts in medical evidence and to credit the
opinion of one expert over that of another (*see, Matter of
Whalen v McCall*, 282 AD2d 917, 918), so long as the credited
expert provides an "articulated, rational and fact-based
opinion, founded upon a physical examination and review of
relevant medical reports and records" (*Matter of Buczynski v
New York State & Local Empls. Retirement Sys.*, 291 AD2d
630, 630).

Gerald Kufner, the Retirement Systems' expert, testified
that he had treated patients who complained of rheumatoid
arthritis and was familiar with the symptoms and diagnosis of
such disorder. He stated that after examining petitioner and
reviewing his medical records, he could find no objective evi-
dence of any weakness, atrophy, neurological abnormality,
swelling in the joints, limitation of motion in the joints, or of
ulnar deviation of the fingers. According to Kufner, petitioner
exhibited no signs of rheumatoid arthritis and, in his expert
opinion, "there was nothing wrong with him." Although Kufner
was not a rheumatologist specializing in the treatment of

rheumatoid arthritis, this did not, as petitioner argues, preclude the Comptroller from exercising his authority to evaluate conflicting medical opinions (*see, Matter of Harper v McCall*, 277 AD2d 589) especially where petitioner's expert based his diagnosis solely upon the subjective symptoms reported by petitioner. Rather, this alleged deficiency merely presented a question of credibility for the Comptroller to resolve (*see, Matter of Bull v McCall*, 291 AD2d 628; *cf., Matter of Wygand v Regan*, 135 AD2d 1060).

In our view, Kufner's testimony provided substantial evidence to support the Comptroller's determination denying petitioner's application (*see, Matter of Chrysler v McCall*, 292 AD2d 700; *Matter of Harper v McCall, supra*), despite the existence of evidence which may have supported a contrary result (*see, Matter of Russo v McCall*, 293 AD2d 912; *Matter of Bull v McCall, supra*).

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.