■ In the Matter of DARLENE A. MYERS, Petitioner, v H. CARL McCALL, as Comptroller of the New York State and Local Employees Retirement System, Respondent. [747 NYS2d 256] —Carpinello, J.

Petitioner was employed as an assistant manager at Suffolk Regional Off Track Betting. In that capacity, she was in regular communication, both in person and over the telephone, with staff, other managers and patrons. In September 1994, after swallowing a stick that was in a box of cereal, petitioner began to experience problems with her throat and voice. Upon the advice of her physician, she left work for a period of time to rest her voice. She resumed her duties thereafter but com-

pletely stopped working in May 1995. Petitioner subsequently applied for disability retirement benefits under Retirement and Social Security Law article 15. Respondent treated it as an application for ordinary disability retirement benefits under Retirement and Social Security Law § 62 and, following a hearing, denied the application. This CPLR article 78 proceeding ensued.

Petitioner asserts that respondent erroneously relied upon the testimony of Samuel Messing, the medical expert retained by the New York State and Local Employees Retirement System, in denying her application and, therefore, the determination is not supported by substantial evidence. We disagree. "[A]n expert opinion based on a review of medical records and a physical examination is generally credible evidence upon which respondent may rely" (*Matter of Harper v McCall*, 277 AD2d 589, 590). Notably, when "an articulated, rational and fact-based medical opinion is offered, inconsistencies or other alleged deficiencies in the expert's testimony present questions of credibility for the [administrative fact finder] to resolve" (*Matter of Piekiel v McCall*, 282 AD2d 922, 924).

In the case at hand, Messing, an otolaryngologist who examined petitioner on January 6, 1997 and reviewed her medical records, testified that after visually inspecting her vocal cords through use of a small fiber-optic instrument, he concluded that her vocal cords did not completely adduct when she phonated. He opined that while such condition weakened petitioner's voice and precluded her from projecting it, it did not prevent her from speaking or performing her job duties. He further stated that petitioner's condition was correctable through the injection of silicone or Teflon into her vocal cords. In our view, Messing articulated a rational and fact-based medical opinion which constitutes credible evidence supporting respondent's determination. Any inconsistencies elicited from Messing upon cross-examination were for respondent to consider in determining the weight to be given to his testimony. Likewise, to the extent petitioner's medical expert gave testimony which conflicted with that of Messing, "respondent has the authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another" (*Matter of Whalen v McCall*, 282 AD2d 917, 918; see *Matter of Chrysler v McCall*, 292 AD2d 700, 701). Consequently, we find no reason to disturb the determination.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.