■ In the Matter of ANN VAN HASSELT, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM, Respondent. [749 NYS2d 188] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which, inter alia, denied petitioner's application for performance of duty disability retirement benefits.

Petitioner was employed as a police officer for the City of Yonkers, Westchester County, from March 1985 until her resignation in November 1996. While leaving the scene of a police call on July 28, 1994, petitioner slipped on wet stairs and

injured her back. Thereafter, she sought medical treatment for her back injury and underwent psychiatric treatment for depression. In April 1995, petitioner applied for, inter alia, performance of duty disability retirement benefits. In February 1999, this application was denied by respondent on the basis that petitioner was not permanently incapacitated from the performance of her duties as a police officer. Following a hearing and redetermination, the Comptroller upheld the denial resulting in this CPLR article 78 proceeding.

Pursuant to Retirement and Social Security Law § 363-c (b) (1), in order for an individual to be entitled to performance of duty disability benefits, he or she must be "[p]hysically or mentally incapacitated for performance of duty as the natural and proximate result of a disability * * * sustained in such service." In denying her application, the Comptroller found that petitioner's psychiatric condition, not her back injury, caused her to be permanently incapacitated from performing her duties, but concluded that it was not attributable to a disability sustained while in service. Petitioner asserts that this determination is arbitrary, capricious and an abuse of discretion. We disagree.

The record contains conflicting medical evidence concerning the cause of the depression experienced by petitioner and the extent to which this rendered her disabled. On one hand, petitioner's medical experts testified that petitioner suffered from major depression which permanently incapacitated her from performing her duties as a police officer and that her depression was caused by her accident at work on July 28, 1994. While the expert who testified on behalf of respondent concurred with the diagnosis of major depression, he opined that petitioner was not permanently incapacitated from the performance of her duties. He further stated that petitioner's depression was not caused by the July 28, 1994 accident, but rather "by a host of different things that were going on with her life." During his testimony, he related that petitioner had complained of fibromyalgia and fertility problems. It is well settled that the Comptroller is vested with the authority to resolve conflicts in the medical testimony and to credit the testimony of one expert over that of another (*see Matter of Hill v New York State & Local Retirement Sys.*, 295 AD2d 802, 802; *Matter of Whalen v McCall*, 282 AD2d 917, 918). Since respondent's expert provided "an articulated, rational and fact-based medical opinion" after conducting a physical examination, reviewing medical records and administering diagnostic tests (*Matter of Harper v McCall*, 277 AD2d 589, 590), we

decline to disturb the Comptroller's decision to credit his testimony even though there is evidence in the record which would support a contrary conclusion (*see Matter of Russo v McCall*, 293 AD2d 912, 913).

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.