■ In the Matter of RAMON CRUZ, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, Respondent. [749 NYS2d 189] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for disability retirement benefits.

As a maintenance mechanic for the Town of Smithtown, Suffolk County, petitioner was required to perform heavy manual labor, including the lifting of equipment weighing between 75 and 100 pounds. During the course of his employment, petitioner was involved in a number of incidents in which he sustained injuries to his neck, back and shoulder, the last being a motor vehicle accident on March 14, 1998. He did not return to work thereafter and filed an application for disability retirement benefits. Following a hearing, the Comptroller denied petitioner's application on the basis that he was not incapacitated from the performance of his duties. This CPLR article 78 proceeding ensued.

Based upon our review of the record, we find that substantial evidence supports the administrative determination at issue. At the hearing, petitioner relied on the testimony of his treating orthopedic surgeon who first saw him in 1993 and who, af-

ter the 1998 automobile accident, diagnosed him with cervical strain attributable to an underlying disc herniation disclosed in an MRI. He opined that petitioner did not have the functional capacity to perform his duties and that this condition was permanent. In contrast, the orthopedic surgeon who examined petitioner on behalf of respondent stated that petitioner's physical examination was completely normal with no functional impairments, neurological deficits or restrictions in movement. He testified that he discerned no orthopedic impairment which would prevent petitioner from engaging in the activities of a maintenance mechanic and that he could not confirm any permanent incapacity. While acknowledging the MRI results, respondent's expert indicated that he could not find any clinical correlation between those results and his physical examination of petitioner.

It is well settled that it is the province of the Comptroller to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another (*see Matter of Hill v New York State & Local Retirement Sys.*, 295 AD2d 802, 803; *Matter of Brown v McCall*, 294 AD2d 703, 705). As the opinion of respondent's expert was rationally based upon his examination of petitioner and his review of relevant medical records (*see Matter of Harper v McCall*, 277 AD2d 589, 590), we find no reason to disturb the Comptroller's determination even though evidence exists which would support a contrary result (*see Matter of Gabrielsen v McCall*, 285 AD2d 895, 897; *Matter of Kesick v New York State & Local Employees' Retirement Sys.*, 257 AD2d 831).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.