■ In the Matter of SUZANNE M. RAY, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York and Administrative Head of the New York State and Local Employees' Retirement System, Respondent. [753 NYS2d 252] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefits.

Petitioner was employed as the director of parks and recre-

ation for the City of Canandaigua, Ontario County. In November 1997, petitioner applied for ordinary disability retirement benefits, claiming permanent disability from fibromyalgia and depression. The New York State and Local Employees' Retirement System disapproved the application, finding that petitioner was not permanently incapacitated from performing her duties. Following a hearing, the Hearing Officer likewise concluded that petitioner failed to satisfy her burden of proving that she was permanently incapacitated from performing her job responsibilities. Thereafter, respondent adopted the findings and conclusions of the Hearing Officer and denied petitioner's application. This CPLR article 78 proceeding ensued.

Contrary to petitioner's first contention, respondent's determination is supported by substantial evidence. The Retirement System's first witness, a board-certified physician in internal medicine, testified that petitioner was not permanently disabled because fibromyalgia is a condition with symptoms that can be resolved through medication and exercise. The Retirement System's second witness, a neurologist, further opined that petitioner's mental status was normal in all respects, that she displayed only mild symptoms of depression and that her depression was not permanently disabling. Both experts, in coming to their respective conclusions, personally examined petitioner and reviewed her medical records.

Although petitioner's treating physician submitted conflicting testimony, he acknowledged that fibromyalgia is a subjective condition which cannot be substantiated through objective and diagnostic tests. In addition, it was clearly the province of respondent to discredit petitioner's expert after weighing the conflicting medical testimony and the credibility of the witnesses (*see Matter of Myers v McCall*, 297 AD2d 899, 900; *Matter of Washington v McCall*, 297 AD2d 901, 901). Accordingly, we find that substantial evidence supports respondent's determination (*see Matter of Brown v McCall*, 294 AD2d 703, 705; *Matter of Russo v McCall*, 293 AD2d 912, 913), which, therefore, "must be upheld, notwithstanding the existence of evidence which could support a contrary finding" (*Matter of Russo v McCall, supra* at 913).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.