■ In the Matter of THERESA ANNARELLI, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [760 NYS2d 898] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for ordinary and performance of duty disability retirement benefits.

Petitioner, a correction sergeant, injured her lower back and right shoulder while working on July 7, 1987 and again on November 9, 1987. Petitioner was out of work approximately four months following the November 1987 incident. On November 29, 1997, petitioner injured her head, neck and right shoulder when boxes fell on top of her while she was retrieving a log book from a storage room. She stopped working thereafter and filed applications for ordinary and performance of duty disability retirement benefits. Following the denial of these applications, petitioner requested a hearing and redetermination. Thereafter, the Hearing Officer denied the applications,

concluding that petitioner was not permanently incapacitated from performing her duties as a correction sergeant. Respondent Comptroller upheld this decision and this CPLR article 78 proceeding ensued.

Based upon our review of the record, we find that substantial evidence supports the Comptroller's determination that petitioner was not permanently incapacitated from performing her duties. Conflicting medical testimony was presented in this case and the Comptroller was free "to credit the opinion of one expert over that of another * * * so long as the credited expert provides an 'articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records' " (*Matter of Hill v New York State & Local Retirement Sys.*, 295 AD2d 802, 802 [2002], quoting *Matter of Buczynski v New York State & Local Empls. Retirement Sys.*, 291 AD2d 630, 630 [2002]; *see Matter of Van Hasselt v New York State & Local Police & Fire Retirement Sys.*, 299 AD2d 687, 688 [2002]).

In the case at hand, Richard Gasalberti, a physiatrist who first examined petitioner in March 1998, concluded that petitioner suffered from cervical radiculopathy and impingement of the right shoulder. He opined that this condition was causally related to her November 29, 1997 work-related accident and rendered her totally disabled from returning to work. Similarly, Carlisle St. Martin, a neurologist, diagnosed petitioner with a herniated disc and spinal cord impingement at the C5-6 level. He further stated that the results of certain diagnostic tests he performed were suggestive of radiculopathy. Notably, he was precluded from providing an opinion on the extent to which petitioner was able to perform her duties as a correction sergeant because he was not qualified as an expert in that area and only "somewhat" familiar with petitioner's job duties.

In contrast to the testimony of Gasalberti and St. Martin, Leon Sultan, an orthopedic specialist who examined petitioner on behalf of respondent New York State and Local Employees' Retirement System, stated that his examination of petitioner's cervical spine and her thoracolumbar spine were essentially normal, she exhibited no restriction in range of motion of her right shoulder or neck, her joints moved without impairment, her pinch was normal and her reflexes were intact. He further stated that although an MRI of her right shoulder showed a mild subacromial impingement and an MRI of her neck revealed a disc herniation with mild spinal cord impingement, there was no correlation between these findings and petitioner's

complaints. Consequently, he opined that petitioner did not suffer a permanent impairment which prevented her from performing the duties of a correction sergeant.

Inasmuch as the Comptroller was free to credit Sultan's testimony over that of the other experts, we decline to disturb his determination. Petitioner's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Cardona, P.J., Spain, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.