■ In the Matter of REBECCA PROIA, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [760 NYS2d 902] —Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefits.

Petitioner was employed in the position of Nurse II in a state correctional facility until December 1998, when she was injured in a motor vehicle accident. She never returned to work. Following a hearing, her subsequent application for ordinary disability retirement benefits was denied by respondent. Petitioner then commenced this CPLR article 78 proceeding seeking annulment of respondent's determination.

Substantial evidence supports the determination that petitioner failed to sustain her burden of proving her entitlement to benefits (*see Matter of Gabrielsen v McCall*, 285 AD2d

895, 896 [2001]; *Matter of Giebner v McCall*, 270 AD2d 705 [2000]). Petitioner's treating physician testified that she had a long history of ailments relating to her spine that had required fusion surgery on her neck and back in 1985. She was suffering from additional neck and back injuries resulting from a 1994 motor vehicle accident when the 1998 accident caused a compression fracture of her L1 lumbar vertebra. Although the fractured vertebra had healed, petitioner's physician opined that her condition would continue to degenerate and her mobility had already been so compromised that she was permanently incapacitated from performing her previous duties as a nurse. By contrast, the orthopedic surgeon who conducted a physical examination of petitioner on behalf of the State and Local Employees' Retirement System testified that he had reviewed her X rays, MRI and CT scans and concluded that she was suffering from degenerative disc disease of the spine, a condition that had been evident in the scans of her spine from 1994. As to the level of petitioner's disability, he testified that his understanding of the duties required of a Nurse II including direct care led to the conclusion that petitioner's current condition would not disable her from performing them.

It is well settled that respondent has the authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another (*see Matter of Whalen v McCall*, 282 AD2d 917, 918 [2001]). The opinions expressed by respondent's expert medical witness in this matter are neither so lacking in foundation nor so irrational as to have precluded respondent from exercising this discretionary authority (*see Matter of Park v McCall*, 288 AD2d 603, 604 [2001]; *Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]). As substantial evidence in the record supports respondent's determination, it will not be disturbed.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.