■ In the Matter of JACQUELINE E. MONK, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS, Respondent. [764 NYS2d 227] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner, a mental hygiene therapy aide, applied for disability retirement benefits pursuant to Retirement and Social Security Law article 15, claiming that she was permanently disabled due to back and knee injuries suffered in a nonwork-related fall. Petitioner's application was initially denied and, following a hearing and redetermination, a Hearing Officer determined that petitioner was not disabled from her regular duties and denied her application. The Comptroller upheld the Hearing Officer's determination, and this CPLR article 78 proceeding ensued.

We confirm. Petitioner was examined by two physicians on behalf of respondent. Both of these medical experts found that petitioner was not permanently incapacitated from performing her duties as a mental hygiene therapy aide. While petitioner's

treating physician opined otherwise, the Comptroller is empowered to resolve such conflicts in the medical evidence (*see Matter of Brown v McCall,* 294 AD2d 703, 705 [2002]; *Matter of Chrysler v McCall,* 292 AD2d 700, 701 [2002], *lv denied* 98 NY2d 611 [2002]). It is well settled that the Comptroller is vested with the sole authority to determine applications for disability retirement benefits and such determinations will be upheld if supported by substantial evidence (*see Matter of Brown v McCall, supra; Matter of Keller v Regan,* 212 AD2d 856, 858 [1995]). Here, we find that substantial evidence supports the Comptroller's determination to deny petitioner's application.

Cardona, P.J., Mercure, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.