■ In the Matter of DOROTHY GARCEAU-SCOPELITIS, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [805 NYS2d 446]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

In April 1992, petitioner's left knee was injured when she was kicked by a patient while working as a community mental health nurse. Petitioner retired in July 1996 and subsequently filed an application for accidental disability retirement benefits. Following denial of her application, petitioner requested and was granted a rehearing and redetermination. The Hearing Officer found that petitioner failed to sustain her burden of establishing that she was permanently incapacitated from the performance of her work as a community mental health nurse. Respondent Comptroller agreed with the findings and conclusions of the Hearing Officer and, accordingly, denied petitioner's application. Consequently, petitioner commenced this proceeding pursuant to CPLR article 78, challenging the Comptroller's determination.

Upon review, we must uphold the Comptroller's determination so long as it is supported by substantial evidence in the record (see Matter of Regan v New York State & Local Employees' Retirement Sys., 14 AD3d 927, 928 [2005], lv denied 4 NY3d 709 [2005]; Matter of Proia v McCall, 306 AD2d 735, 736 [2003]). To the extent that the record contains conflicting medical evidence, the Comptroller is vested with broad authority to resolve such conflicts and, provided that the credited expert provides an "articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records," we will not disturb the Comptroller's determination (Matter of Buczynski v New York State & Local Empls. Retirement Sys., 291 AD2d 630, 630 [2002]; see Matter of Regan v New York State & Local Employees' Retirement Sys., supra at 928; Matter of Proia v McCall, supra at 736). Contrary to petitioner's contentions, the Comptroller's determination is rational and adequately supported by the record evidence. The expert for respondent New York State Employees' Retirement System, Stewart Kandel, testified that he had examined petitioner in 1999 as well as reviewed her medical records

through 2003. Based on the review, Kandel concluded that petitioner's 1992 knee injury was successfully resolved by the surgery she underwent in 1994. Kandel further testified that upon his examination of petitioner in 1999, she had no physical limitations and was not disabled from performing the duties of a community mental health nurse.

Petitioner proceeded on the medical records, rather than calling a live witness to testify. That was a tactical decision on petitioner's part (see Matter of Di Francesco v Comptroller of State of N.Y., 277 AD2d 762, 763 [2000]), one which may not always be successful. Despite the Hearing Officer's inartful statement in his decision that the probative value of petitioner's medical records was diminished because the makers of those records were not subject to cross-examination, he did not deprive petitioner of due process or alter the burden. This statement merely reflects an acknowledgment that Kandel had the opportunity through his testimony to update and correct statements made in his reports, while records from petitioner's treating physicians were submitted without corrections or clarifications of any deficiencies they contain. Many of those records do not reveal any objective findings of disability and fail to set forth an opinion as to the degree, permanency or cause of petitioner's disability. It was rational for the Hearing Officer and Comptroller to weigh Kandel's live testimony, including corrections of deficiencies in his reports, more favorably than medical records from treating physicians, which left blanks that were never filled in.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.