■ In the Matter of the Claim of KENNETH L. BELLAMY, Appellant. NEW YORK CITY BOARD OF EDUCATION, Respondent; COMMISSIONER OF LABOR, Respondent. [823 NYS2d 584]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 10, 2005, which, inter alia, denied claimant's application to reopen a previous decision ruling that he was ineligible to receive unemployment insurance benefits because he was unable to file a valid original claim pursuant to Labor Law § 527.

Claimant was terminated from his job as a teacher and received his last paycheck on August 31, 2001. He filed a claim for unemployment insurance benefits effective September 1, 2003. A hearing before an Administrative Law Judge (hereinafter ALJ) was conducted in January 2004 at which claimant elected not to proceed without legal counsel. The ALJ rendered a default decision against claimant, but granted him leave to apply to reopen provided his failure to proceed was diligently resolved in a timely fashion and he applied to reopen within a reasonable time. A subsequent hearing as to the reopening issue was not conducted until March 2005, after which the ALJ denied claimant's application to reopen and upheld his initial decision finding claimant ineligible for benefits because he did not file a valid original claim. Thereafter, the Unemployment Insurance Appeal Board affirmed the ALJ's decision and this appeal ensued.

Initially, inasmuch as the Board upheld the ALJ's denial of claimant's application to reopen,* we find no error as claimant did not demonstrate good cause for his failure to comply with the dictates of the ALJ's prior decision in a timely fashion (*see* 12 NYCRR 461.8). In any event, it is undisputed that claimant

---

* While the Board's decision stated that claimant's application to reopen was "sustained," this was clearly a typographical error as the decision read in context reveals that the ALJ's denial of the claimant's application to reopen was sustained.

did not have sufficient earnings in his base period, from April 1, 2002 to March 31, 2003, to qualify to file a valid original claim (*see* Labor Law § 527; *Matter of Rodriquez [New York City Dept. of Educ. Commissioner of Labor]*, 24 AD3d 934 [2005]; *Matter of Nieblas [Commissioner of Labor]*, 21 AD3d 1193, 1194 [2005]). Therefore, substantial evidence supports the Board's decision.

Claimant's remaining arguments, including his assertions of wrongful termination and breach of his union's duty of fair representation, are not properly part of this proceeding.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.