◼ In the Matter of PAUL SIEPIERSKI, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, Respondent. [848 NYS2d 777]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for additional service credit in the calculation of his retirement benefits.

Petitioner, a member of respondent, seeks review of the Comptroller's determination that he is not entitled to retirement service credit for the period of December 18, 1984 through February 11, 1994, during which he worked for the Niagara

Frontier Transportation Authority (hereinafter NFTA). Petitioner obtained the position at issue with the assistance of an employment agency, EGW Associates, Inc., and began working for NFTA in December 1984.

At all times relevant to the instant proceeding, petitioner's salary was paid by EGW or another employment agency, Superior Design, and the funds were drawn from the pertinent agency's bank account. Although petitioner worked on NFTA's premises, was issued an employee identification card and was supervised by NFTA employees, petitioner's wage and tax statements indicate that he was, in fact, employed by either EGW or Superior Design for the years in question. Additionally, petitioner acknowledges that his term of employment was not continuous in nature due to NFTA's imposition of unpaid, involuntary leave at various times.

After respondent rejected petitioner's application for retirement service credit, petitioner requested an administrative hearing and determination. Following the hearing, the Hearing Officer determined that petitioner was not an employee during the subject time period and, as such, was not entitled to service credit. The Comptroller adopted the Hearing Officer's findings of fact and conclusions of law, and petitioner's CPLR article 78 proceeding was transferred to this Court (*see* CPLR 7804 [g]).

Petitioner claims that he engaged in paid "[g]overnment service" as defined in Retirement and Social Security Law § 2 (11) and was an employee of NFTA. As an initial matter, "the Comptroller has the 'exclusive authority to determine all applications for any form of retirement or benefit,' and those determinations must be upheld if supported by substantial evidence" (*Matter of Meegan v New York State Retirement Sys.*, 285 AD2d 892, 893 [2001], quoting *Matter of Jarek v McCall*, 268 AD2d 654, 655 [2000]; *see* Retirement and Social Security Law § 74 [b]; *Matter of Douroyiannis v New York State & Local Empls. Retirement Sys.*, 261 AD2d 776, 776-777 [1999]).

Under Retirement and Social Security Law § 41 (c) (1), "[a] member who has not previously been a member [of respondent] may purchase credit . . . for all allowable member service." Where, as here, an individual seeks credit for "[g]overnment service," Retirement and Social Security Law § 2 (11) requires the petitioner to show that he or she provided "[p]aid service" as an employee of a participating employer in one of the state's retirement systems (*see* Retirement and Social Security Law § 2 [8]). Here, the parties do not dispute that NFTA is a participating employer (*see* Public Authorities Law § 1299-c). Thus, the outcome of the instant proceeding hinges entirely upon review

of the Comptroller's finding that petitioner did not provide paid service within the meaning of Retirement and Social Security Law § 2 (11).

In our view, to resolve this issue, it was entirely rational for the Comptroller to consider, as a major determinative factor, whether petitioner was on the payroll of a participating public employer (*see Matter of Catena v New York State Employees' Retirement Sys.*, 91 AD2d 1138, 1139 [1983]). Moreover, while there is evidence that supports petitioner's claim that he was an employee of NFTA, we are unable to conclude that substantial evidence does not support the Comptroller's decision to the contrary (*see Matter of Meegan v New York State Retirement Sys.*, 285 AD2d at 893). Petitioner's reliance on *Matter of Fay v Regan* (97 AD2d 192, 195 [1983]) is misplaced. There, because the petitioning harness racing judges were hired directly by the State Harness Racing Commission, the Comptroller did not dispute that the Commission exercised sufficient control to warrant a finding of an employer-employee relationship. Moreover, that case does not support petitioner's argument that since he was paid by funds from the public treasury, simply processed through the employment agency, he should be deemed to be in the paid service of a participating employer. While the source of the funds may be an indicator, it is not determinative. In *Fay*, whether the petitioners were paid by the individual track associations or by the state, which was then reimbursed by assessment against each racing association, the source of the funds was never the public treasury.

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.