■ In the Matter of ROBERT ROSSIELLO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. [611 NYS2d 325] —Mikoll, J. P. Proceeding

pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a supervisor or "straw boss" for the Town of Hempstead Parks Department in Nassau County, was injured on the job in August 1990 when the vehicle he was sitting in was struck from behind by a car. Petitioner was hospitalized for five days and, at the time of this proceeding, he was receiving workers' compensation benefits because of a continuing disability.

In March 1991, petitioner filed an application for accidental disability retirement benefits with respondent New York State and Local Employees' Retirement System on account of the injuries sustained in the accident. The application was denied on the basis that petitioner was not permanently incapacitated from the performance of his duties as a supervisor. A hearing was held at petitioner's request. The Hearing Officer denied petitioner's application for accidental disability retirement benefits and such determination was confirmed by the respondent Comptroller. Petitioner was permitted to file a second application for accidental disability retirement benefits claiming that he sustained additional injuries in the accident other than to the neck and back; this matter is apparently proceeding through the Retirement System.

In order to be entitled to disability retirement benefits, petitioner must establish permanency (see, Matter of Colligan v Regan, 128 AD2d 928). The medical evidence at the hearing presented conflicts in diagnosis and prognosis. While petitioner's expert found that petitioner is permanently disabled, the Retirement System's expert discounted the diagnosis of the existence of any orthopedic condition which would permanently disable petitioner. He ascribed petitioner's condition to emotional overlays which cause his present incapacity. Both experts agreed that petitioner is disabled at the present time and unable to perform any work.

It is within the province of the Comptroller to resolve any conflict in medical opinion (see, Matter of Inguaggiato v Regan, 193 AD2d 1045) and he was free to credit one physician's testimony over that of another (see, Matter of Zolzer v New York State Comptroller, N. Y. State & Local Empls. Retirement Sys. & Police & Fire Retirement Sys., 196 AD2d 934). Substantial evidence supports the findings of the Comptroller

and the determination must therefore be upheld *(see, Matter of Torres v New York State Comptroller,* 192 AD2d 861).

Furthermore, we find no prejudice to petitioner in the Hearing Officer's denial of his motion to conform his application for disability to the proof concerning injuries other than those noted on his application in view of the fact that petitioner has been permitted to file a new application. Finally, petitioner alleges bias on the part of the Hearing Officer because of his unnecessarily flippant and repetitive references to petitioner's obesity. Indeed, the seriousness of this matter requires a more dignified treatment of petitioner and we decry the Hearing Officer's callous treatment of petitioner; however, on the whole record, we find that petitioner's claim of bias is not substantiated.

Crew III, Casey, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.