■ In the Matter of JOHN DAMANTE, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [656 NYS2d 702] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

While on duty in September 1991, petitioner, a police officer, injured his head, neck and lower back when the vehicle in which he was sitting was hit from behind by a tractor trailer. His application for accidental disability retirement benefits

was denied following a hearing on the basis that petitioner failed to sustain his burden of demonstrating that he is permanently incapacitated for the performance of his duties. Petitioner commenced this CPLR article 78 proceeding arguing that such determination is not supported by substantial evidence.

Based upon our review of the record, we disagree. Two orthopedic surgeons testified at the administrative hearing regarding petitioner's condition. Jacob Lehman, testifying on petitioner's behalf, stated that he had treated petitioner from March 1992 through February 1994. He further stated that MRI studies indicated that petitioner had a herniated cervical disk and mild desiccation of a lumbar disk. Lehman also noted petitioner's complaints of muscle spasm, muscle and ligament pain, and headaches. Upon such findings, Lehman opined that petitioner was permanently disabled from performing the duties of a police officer as a result of the September 1991 accident.

Paul Ross, the physician who testified on behalf of the New York State Police and Fire Retirement System, essentially concurred with Lehman's diagnoses regarding petitioner's disks but opined that both the herniation and desiccation were consistent with someone of petitioner's age. Consequently, despite expressing concern that petitioner's complaints of pain and the numerous medications he was taking might interfere with his mental ability to perform his duties, Ross opined that, based on the objective evidence, petitioner was not disabled. In rebuttal, petitioner introduced the report of orthopedist David Koretz who examined petitioner on behalf of the Retirement System in October 1992; such report provided Koretz's opinion that petitioner was disabled "[a]t present".

Petitioner is entitled to accidental disability retirement benefits if he is mentally or physically incapacitated for performance of his duties as the natural and proximate result of an accident which occurred during his service and was not caused by his own willful negligence (*see*, Retirement and Social Security Law § 363 [a] [1]). We note that petitioner applied for benefits based solely on physical incapacitation. Insofar as it is within respondent's authority to evaluate the conflicting medical evidence regarding petitioner's physical incapacitation, we find no reason to disturb the administrative determination in this regard (*see, Matter of Paeno v McCall*, 235 AD2d 766, 767; *Matter of Sharkey v McCall*, 222 AD2d 930).

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.