■ In the Matter of GAIL M. JOHNSON, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [721 NYS2d 294] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner filed an application for disability retirement benefits, alleging that she sustained back injuries during the course of her employment as a nurse at a psychiatric center. Concluding that petitioner had failed to meet her burden of proving that she was permanently incapacitated from the performance of her duties, respondent denied the application. Petitioner thereafter commenced this CPLR article 78 proceeding to review respondent's determination.

Significantly, respondent did not make any specific findings with regard to the medical evidence in the record but denied the claim based on petitioner's failure to provide objective medical evidence of permanent disability. A finding by an examining physician of no objective evidence of neurological disease or injury that would cause the reported subjective symptoms will generally provide a rational basis for the physician's opinion of no disability (see, Matter of Harper v McCall, 277 AD2d 589). Similarly, a dearth of objective medical evidence is a relevant factor for respondent to consider in exercising his authority to resolve conflicts in the medical opinions (see, Matter of De Carolis v McCall, 272 AD2d 824; Matter of Poormon v Regan, 134 AD2d 659). We agree with petitioner, however, that the absence of objective medical evidence in this proceeding did not, in and of itself, automatically establish that petitioner failed to meet her burden of demonstrating her permanent incapacity.

Notably, petitioner submitted documentary evidence which included detailed reports from several physicians who, upon reviewing medical records and examining petitioner, opined

that she was permanently disabled from performing the duties of her job. Such opinions are generally credible evidence upon which respondent may rely (*see, Matter of Harper v McCall, supra,* at 590). The record also includes a detailed report of a physician who likewise examined petitioner and reviewed her medical records but reached a contrary opinion of no permanent disability. Accordingly, this was a case in which respondent was called upon to exercise his authority to resolve conflicts in medical opinion and credit the opinion of one expert over that of another (*see, e.g., Matter of Tower v McCall,* 257 AD2d 973, 974).

Unfortunately, respondent's determination lacks sufficient detail to permit this Court to discern whether respondent properly weighed the conflicting medical testimony. Indeed, it appears instead that respondent applied an incorrect legal standard, essentially obligating petitioner to submit objective evidence of a disability in addition to expert medical evidence of a disability. We conclude that the appropriate remedy is to annul the determination and remit the matter to respondent to render a determination that is sufficient to permit our review (*see generally, Matter of Foos v Bausch & Lomb,* 181 AD2d 951). As a result, we reach no other issue, including petitioner's claim that respondent erred in finding that her experts did not report objective evidence of her disability.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.