■ In the Matter of THOMAS R. ALUND, Petitioner, v H. CARL McCALL, as New York State Comptroller, et al., Respondents. [722 NYS2d 120] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner, a custodian employed by the Town of Colonie in Albany County, was injured while operating an electric floor buffing machine. In his application for disability retirement benefits under Retirement and Social Security Law article 15, petitioner indicated that he sustained injuries to his neck and left shoulder, arm and hand. Following a hearing, respondent Comptroller denied petitioner's application on the ground that he was not permanently incapacitated from the performance of his duties. This CPLR article 78 proceeding ensued.

We confirm. Based upon our review of the record, we find that substantial evidence supports the Comptroller's determination that petitioner was not permanently incapacitated from performing his duties as a custodian (*see, Matter of Pietricone v McCall*, 243 AD2d 929, *lv denied* 91 NY2d 804). The four physicians who testified at the hearing all stated that petitioner complained of pain to the neck, left shoulder, left arm and fingers, and that he exhibited a decreased range of motion in the neck. In addition, they all agreed that petitioner did not suffer muscle atrophy and that his reflexes, EMG results and neurological tests were normal. Although MRI results and X rays disclosed degenerative changes in petitioner's cervical spine, there was no medical testimony linking these clinical findings to a disability. Three of the physicians opined that petitioner was permanently incapacitated from performing his duties as a custodian but none cited any objective medical data supporting their opinions. The one physician who gave a contrary opinion did so based upon the absence of "organic orthopedic pathology which would preclude [petitioner] from doing his job." It was within the province of the Comptroller to evaluate the conflicting medical testimony and credit the opinion of one expert over the others (*see, Matter of De Carolis*, 272 AD2d 824, 825; *Matter of Jones v McCall*, 271 AD2d 901, *lv denied* 95 NY2d 762), especially in light of the lack of objective evidence substantiating the disability (*see, Matter of Johnson v McCall*, 281 AD2d 730). Therefore, we decline to disturb the determination denying petitioner's application.

We have considered petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.