■ In the Matter of MARIANNE PALMER, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [732 NYS2d 710] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Fourth Department) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Although the record contains conflicting expert medical evidence on the issue of petitioner's permanent incapacitation from the performance of her duties as a correction lieutenant, it is not clear from respondent's determination whether respondent exercised its authority to resolve that conflict. Rather, it appears that respondent relied on the legal conclusion that "an applicant's subjective complaints of pain and limitation of motion are not enough to sustain a finding of permanent incapacity." In so concluding, respondent applied an inappropriate standard, for "the absence of objective medical evidence in this proceeding did not, in and of itself, automatically establish that petitioner failed to meet her burden of demonstrating her permanent incapacity" (*Matter of Johnson v McCall*, 281 AD2d 730). Where, as here, there is conflicting medical evidence in the record, but it appears from the determination that respondent did not resolve that conflict and, instead, applied an incorrect standard which essentially obligated petitioner to submit objective evidence of a disability in addition to expert medical evidence of a disability, the appropriate remedy is to annul the determination and remit the matter to respondent to render a determination that is sufficient to permit our review (*see, id.*, at 731).

Cardona, P. J., Peters, Carpinello and Mugglin, JJ., concur.
Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.