■ In the Matter of EMMA WASHINGTON, Petitioner, v H. CARL McCALL, as New York State Comptroller, Respondent. [747 NYS2d 258] —Peters, J.

Petitioner was employed as a supervisor and developmental assistant at a residential care facility for developmentally disabled adults. Her duties entailed supervising staff and caring for clients, including those who were physically aggressive. On January 5, 1998, petitioner slipped and fell on a wet floor at the facility, injuring her neck and back. She did not return to work thereafter. She subsequently filed applications for ordinary and accidental disability retirement benefits. Following a hearing, respondent denied petitioner's applications, finding that she was not permanently incapacitated from the performance of her duties. Petitioner commenced the instant CPLR article 78 proceeding challenging this determination.

Contrary to petitioner's claim, we find that there is substantial evidence in the record to support respondent's determination. Three different physicians testified at the hearing. Petitioner's treating physician diagnosed her with cervical spondylosis, spinal stenosis, a herniated disc, neuraphraxia of the upper and lower left extremities and degenerative disc disease, and opined that these conditions caused her to be permanently disabled from performing her duties. The physicians who examined petitioner on behalf of the New York State and Local Employees' Retirement System acknowledged that some of these conditions were revealed in certain diagnostic tests performed on petitioner, but nevertheless opined, based upon their clinical examinations, that petitioner was not permanently incapacitated from performing her job duties. Given that it is the province of respondent to evaluate conflicting medical opinion (*see Matter of Gagnon*, 289 AD2d 833, 834; *Matter of Meegan v New York State Retirement Sys.*, 285 AD2d 892, 894) and, absent objective medical proof substantiating the existence of a permanent disability (*see Matter of Johnson v McCall*, 281 AD2d 730, 730), we find no reason to disturb respondent's determination.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.