◼ In the Matter of JAMES DANN, Petitioner, v H. CARL McCALL, as New York State Comptroller, et al., Respondents. [751 NYS2d 638] —Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner was employed as a correction officer at Cayuga Correctional Facility in Cayuga County and was primarily assigned to the gymnasium between 1989 and 1996. During this period, he experienced episodes of chest pain. His duties required him to be in confrontational situations, both physically and verbally, with inmates on a daily basis. In 1991, he was involved in an incident in which he was struck in the chest by an inmate and, in 1995, he and other officers became engaged in a melee with a group of inmates while trying to confiscate a homemade weapon. On February 22, 1996, an inmate threw a basketball at petitioner when he was not looking, causing him to injure his thumb. Petitioner did not return to work thereafter and, in July 1996, filed an application for disability retirement benefits. Following disapproval of the application, petitioner requested a hearing and redetermination. At the conclusion of the hearing, the Hearing Officer found that petitioner did not sustain his burden of establishing that he was permanently incapacitated from the performance of his duties as a correction officer. Respondent Comptroller adopted the Hearing Officer's findings, resulting in this CPLR article 78 proceeding.

Based upon our review of the record, we find that the

Comptroller's determination is supported by substantial evidence. This case turns on the resolution of conflicting medical evidence which is the exclusive province of the Comptroller to weigh and evaluate (*see Matter of Alund v McCall*, 281 AD2d 784, 784, *lv denied* 96 NY2d 714; *Matter of Harper v McCall*, 277 AD2d 589, 590). In his application, petitioner attributed his disability to a heart condition, hypertension and work-related stress. He testified at the hearing that, during the five months preceding his retirement, he was unable to intervene in inmate disturbances because his blood pressure would increase, he would become dizzy and have to take a nitroglycerin pill. His treating physician, Thomas Maher, testified that petitioner had a history of heart disease dating back to 1990 or 1991. He diagnosed petitioner with coronary artery disease with angina pectoris, which he indicated was exacerbated by stressful situations. He opined that the condition was permanent and prevented petitioner from performing his duties as a correction officer.

Ralph Janicki, a cardiologist who testified on behalf of respondent New York State and Local Retirement Systems, diagnosed petitioner with coronary heart disease manifested by a single blockage in the circumflex artery. He stated, however, that this condition was not limiting, having been treated by a balloon dilation and stent placement in May 1996. According to Janicki, petitioner's positive performance on a thallium stress test was indicative of a lack of symptoms of coronary heart disease. He stated that petitioner's chest pain was not true angina and related that there were numerous other conditions, such as a hiatal hernia, which petitioner also had, that could produce such pain. Consequently, Janicki opined that petitioner did not suffer a cardiac disability and was not permanently incapacitated from performing his duties as a correction officer. Similarly, the psychiatrist who testified at the hearing stated that petitioner did not suffer a psychiatric condition that would prevent him from performing his duties as a correction officer. Notwithstanding the evidence in the record which could support a contrary result (*see Matter of Hill v New York State & Local Retirement Sys.*, 295 AD2d 802, 803; *Matter of Kavakos v McCall*, 251 AD2d 857, 858, *lv denied* 92 NY2d 812), we find no reason to disturb the Comptroller's determination.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.