In the Matter of PEGGY S. ROGERS, Appellant, v H. CARL MCCALL, as State Comptroller and Administrative Head of the New York State Employees' Retirement System, Respondent. [753 NYS2d 567] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental and performance of duty disability retirement benefits.

Petitioner, a correction officer for the Department of Correctional Services working at Sing Sing Correctional Facility in Westchester County, made an application on May 20, 1996 for disability retirement benefits under Retirement and Social Security Law § 507-a (b) (3) based upon incidents which occurred on June 11, 1994 and February 28, 1995. Petitioner alleges that in the June 1994 incident, she was injured as a result of the efforts that she and other correction officers endured while wrestling an inmate to the ground. As a result, she was out of work for approximately two months and was thereafter placed on light duty. At that time, her injuries primarily focused upon her knees, elbow, neck and back. Petitioner also alleges that she was disabled in the performance of her duty as a result of injuries to her knees, hands and back when, in February 1995, she fell on ice in a parking lot while attempting to drive her vehicle from one facility to another. As a result of this incident, she was out of work for approximately 1½ months. By determination dated December 16, 1996, the New York State and Local Employees' Retirement System (hereinafter Retirement System) denied petitioner's application for benefits by finding that the June 1994 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 507-a (b) (3) and the incident in February 1995 did not occur in the course of her duties.

On October 2, 1997, petitioner filed a second application for disability retirement benefits under Retirement and Social Security Law § 507-b based upon the same two incidents. Whereas the first application was made pursuant to Retirement and Social Security Law § 507-a (b) (3), which allows benefits if the member became physically incapacitated for the performance of his or her duties as a result of an accident while engaged in the performance of duties in active service, this application allows disability retirement benefits for one who becomes physically incapacitated to perform his or her other duties as a "result of an injury, sustained in the performance or discharge of his or her duties by, or as a natural and proximate result of, an act of any inmate" (Retirement and Social Security Law § 507-b [a]). In a determination dated December 30, 1998, the Retirement System denied this application by finding that claimant was not incapacitated from the performance of her duties as a result of an injury sustained in her position as a correction officer. It was further found that the February 1995 incident did not occur during the course of her duties nor was it a result of an act by an inmate.

Petitioner timely appealed both determinations and a hearing was held. The Hearing Officer affirmed the denial of benefits under both sections, which respondent affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding to review respondent's determination. Supreme Court entered an order of transfer pursuant to CPLR 7804 (g).

Upon our review, we agree with petitioner's assertion that the Hearing Officer applied an incorrect legal standard with regard to the application for benefits under Retirement and Social Security Law § 507-a (b) (3) and § 507-b (a). However, we find that these errors are harmless in light of the determination that petitioner was found not to be permanently incapacitated from working as a correction officer—the initial step of the inquiry prior to a determination under either section. As to any further alleged errors or inconsistencies by the Hearing Officer, we find, after our review of the record which included the testimony of John Forrest, a board-certified physician in orthopedics who examined petitioner on behalf of a workers' compensation carrier, the report by John Buckner, a board-certified physician in orthopedics who examined petitioner at the request of the Retirement System, and the testimony of John Cambareri, a board-certified orthopedic surgeon who examined petitioner at the request of the Retirement System and submitted a report in connection therewith, that the Hear-

ing Officer fully reviewed all such evidence before reaching a determination.

Recognizing that respondent has "exclusive authority to determine all applications for any form of retirement" (Retirement and Social Security Law § 74 [b]) and that if supported by substantial evidence, those determinations must be upheld (*see Matter of Gabrielsen v McCall*, 285 AD2d 895, 896), there exists no viable challenge to the determination of no permanent incapacity through the parsing of the findings of fact. Instead, we find that the Hearing Officer, and thereafter respondent, resolved the obvious conflict in medical testimony by crediting the opinion of Cambareri over that of Forrest and the report by Buckner as it was permitted to do (*see Matter of Washington v McCall*, 297 AD2d 901, 901; *Matter of Capers v New York State & Local Retirement Sys.*, 278 AD2d 686, 687).

Significantly, Cambareri concluded that there was no objective evidence of any significant structural damage to petitioner's spine that would differentiate her from any other person of her age. Similarly, he found no objective evidence of a disability as a result of injuries to her back or neck, and that the chondromalacia in petitioner's left knee was neither uncommon for persons of her age nor grounds for a disability. Based upon his examination, his familiarity with her work and all other tests and reports provided, including the MRI concerning petitioner's cervical spine and the CAT scan of petitioner's lumbar spine, both of which revealed bulging discs which did not carry significance in this circumstance, respondent's reliance upon Cambareri's medical opinion is supported by substantial evidence. While we note that petitioner correctly contends that respondent cannot deny benefits solely on the basis that there was a lack of objective findings demonstrating such claimed disability (*see Matter of Washington v McCall*, *supra* at 901; *Matter of Palmer v McCall*, 288 AD2d 680, 680; *Matter of Johnson v McCall*, 281 AD2d 730, 730), respondent can consider the absence of objective medical evidence to resolve differences in medical opinions (*see Matter of Washington v McCall*, *supra* at 901; *Matter of Gabrielsen v McCall*, *supra* at 896-897; *Matter of Johnson v McCall*, *supra* at 730). As the Hearing Officer, and ultimately respondent, so relied, we find no error. We further note that while Forrest and Cambareri both opined that petitioner could not work as a correction officer due to her taking of a prescribed form of narcotic, there is no basis to conclude that the current use of a narcotic constitutes a permanent disability (*see Matter of Damante v McCall*, 239 AD2d 645, 646, *lv denied* 90 NY2d 805).

Accordingly, having reviewed and rejected petitioner's remaining contentions, we find no basis upon which we would disturb the determination rendered.

Cardona, P.J., Mercure, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.