■ In the Matter of JEROME A. CAMPANY, Petitioner, v NEW YORK STATE RETIREMENT SYSTEM, Respondent. [753 NYS2d 250] —Peters, J. Proceeding pursuant to CPLR article 78 (trans-

ferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner began working as a firefighter for the Watertown Fire Department in August 1974. On May 1, 1993, he injured his right shoulder when he was inside a burning house assisting another firefighter and was struck by a smoldering beam. He returned to full-time duty four to five months later. Thereafter, on April 3, 1994, petitioner was in another burning house when his air pack got caught on something in the kitchen and he injured his right shoulder again. He was out of work for approximately four months. Upon his return, petitioner requested that he not be required to wear an air pack on every call, but his request was denied. Although he was a fire captain at this point, his duties still required him to enter burning structures. In January 1995, petitioner aggravated the same shoulder after lifting a snowblower and went on sick leave until he retired in April 1995. At that time, he applied for accidental disability retirement benefits. Following the denial of his application, petitioner requested a hearing and redetermination. At the conclusion of the hearing, the Hearing Officer recommended that his application be denied. The Comptroller adopted this recommendation and this CPLR article 78 proceeding ensued.

Petitioner's sole contention is that the Comptroller's finding that he was not permanently incapacitated from performing the duties of a firefighter or fire captain is not supported by substantial evidence. Specifically, he takes issue with the Comptroller's decision to credit the medical testimony of the expert retained by the New York State and Local Employees' Retirement System over that of the other experts who testified at the hearing. It is well settled, however, that the Comptroller is vested with the exclusive authority to weigh conflicting medical testimony and credit the opinion of one expert over that of another (*see Matter of Washington v McCall*, 297 AD2d 901; *Matter of Irish v McCall*, 297 AD2d 895, 896). The Retirement System's expert, a board-certified orthopedic surgeon, testified that after reviewing petitioner's records, diagnostic tests and other physicians' reports, he was of the opinion that petitioner suffered a strain of the musculature of the right shoulder and neck. He stated that, although he observed some limitation of motion of the neck and tenderness of the shoulder upon his physical examination of petitioner, he did not find any sign of impingement or neurological deficit. Consequently, he opined

that petitioner was capable of performing the duties of a fire captain, which he acknowledged included wearing a heavy air pack while entering burning buildings. Even though three other medical experts gave conflicting medical opinions, evidence of permanent incapacitation was not substantiated by objective medical tests. Accordingly, we find that substantial evidence supports the Comptroller's determination notwithstanding the existence of medical testimony which would support a contrary result (*see Matter of Russo v McCall*, 293 AD2d 912, 913).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.