▮ In the Matter of ANTHONY JONES, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [753 NYS2d 397] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, inter alia, denied petitioner's application for accidental disability retirement benefits.

On July 4, 1997, while working as a police officer for the Port Authority of New York and New Jersey, petitioner stepped on an unstable drain grate and fell to the ground, injuring his neck and left knee. His application for, inter alia, accidental disability retirement benefits was thereafter denied following a hearing at which medical evidence was presented. In denying petitioner's application, the Hearing Officer concluded that the medical proof did not support a finding of permanent disability. Specifically, the Hearing Officer found that "[t]he conditions complained of are substantially grounded on complaints, which are subjective, rather than being founded on more credible objective clinical findings and tests which would support a finding of permanent disability." Respondent concurred with the Hearing Officer's findings and also denied the application. This CPLR article 78 proceeding ensued.

The Attorney General concedes that the Hearing Officer applied a standard inconsistent with this Court's decisions in *Matter of Palmer v McCall* (288 AD2d 680) and *Matter of Johnson v McCall* (281 AD2d 730) in evaluating the medical evidence adduced at the hearing. Based upon our review of the record and the Hearing Officer's decision, we agree. Accordingly, "the appropriate remedy is to annul the determination and remit the matter to respondent to render a determination that is sufficient to permit our review" (*Matter of Palmer v McCall, supra* at 680).

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.