■ In the Matter of JACK PORTER, Petitioner, v H. CARL McCALL, as State Comptroller, et al., Respondents. [762 NYS2d 430] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for ordinary disability retirement benefits.

Petitioner was employed as a highway safety technical supervisor for the Division of Criminal Justice Services and his duties entailed inspecting, assembling, repairing and calibrating various pieces of equipment. After petitioner was diagnosed with mild carpal tunnel syndrome and began experiencing problems with his hands, he was temporarily reassigned to perform administrative functions, but went on medical leave in December 1997. In September 1998, he filed an application for disability retirement benefits under Retirement and Social Security Law article 15, claiming nerve damage to his upper extremities resulting in, among other things, loss of use of both hands. Following the initial disapproval of his application, petitioner requested a hearing and redetermination. At the conclusion of the hearing, the Hearing Officer also disapproved the application, finding that petitioner was not permanently incapacitated from performing his duties. Respondent Comptroller concurred with the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

Initially, in order to qualify for disability retirement benefits under Retirement and Social Security Law article 15, the applicant must be permanently incapacitated from performing his or her regular job duties (*see* Retirement and Social Security Law § 605 [c]). The Comptroller's decision in this regard will be upheld if supported by substantial evidence, even though there may be other evidence that would support a contrary conclusion (*see Matter of Dann v McCall*, 300 AD2d 790, 791 [2002]; *Matter of Hill v New York State & Local Retirement Sys.*, 295 AD2d 802, 802-803 [2002]). Furthermore, it is well settled that "the Comptroller possesses the authority to resolve conflicts in medical evidence and to credit the opinion of one expert over that of another so long as the credited expert provides an 'articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records'" (*Matter of Hill v New York State & Local Retirement Sys., supra* at 802 [citation omitted], quoting *Matter of Buczynski v New York State & Local Empls. Retirement Sys.*, 291 AD2d 630, 630 [2002]).

Here, the physicians who testified at the hearing gave divergent opinions concerning petitioner's condition and the extent to which it interfered with his ability to perform his job duties. Andrew Dubin, a specialist in rehabilitative and electrodiagnostic medicine, began treating petitioner in October 1995 and continued to do so through the date of the hearing. Dubin reviewed petitioner's past medical history, including a prior diagnosis of mild bilateral carpal tunnel syndrome, his prior surgeries and diagnostic tests. Based upon these considerations and his own physical examination of petitioner, he diagnosed petitioner with a bilateral brachial plexus nerve condition which he opined rendered petitioner permanently disabled.

On the other hand, Christopher Calder, a neurologist who examined petitioner at the request of respondent New York State and Local Retirement Systems, disagreed with Dubin's diagnosis of a brachial plexus nerve condition and also with the results of the diagnostic tests upon which it was partially based. He performed a neurological examination which revealed, among other things, that petitioner retained normal muscle strength in the upper extremities and displayed no atrophy. He further observed that petitioner's fingers were rough and had lacerations, and that petitioner had a bruise on his right thumbnail as well as a cut on the back of his right hand, all of which indicated that he was using his fingers and hands. Significantly, Calder found no objective neurological ev-

idence that petitioner suffered a disability that incapacitated him from performing his duties. Inasmuch as Calder rendered a rational fact-based opinion premised upon his review of medical reports and an examination of petitioner, we decline to disturb the Comptroller's decision adopting it.

As to petitioner's contention that the Hearing Officer improperly denied him the opportunity to present the testimony of certain out-of-state physicians at the hearing, this claim is not preserved for review inasmuch as the record does not indicate that petitioner made such a request to the Hearing Officer (*see Matter of Dormeyer v McCall*, 289 AD2d 774, 775 [2001]; *see also Matter of Islar v Coombe*, 226 AD2d 851, 851 [1996]). We have considered petitioner's remaining arguments and find that they are either meritless or not properly presented for our review.

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.