■ In the Matter of JOHN J. HELMER, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [761 NYS2d 124] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, employed as a correction officer during the period between December 1985 and July 1996, spent most of his career at the Clinton Correction Facility in Clinton County, a maximum security prison. His assignment to a protective custody housing block required his intervention into physical altercations which occurred on at least eight occasions.

---

In March and June 1990, petitioner underwent surgery to treat several brain aneurisms and, thereafter, received a blood transfusion. Upon returning to work in August 1990, he experienced vomiting, diarrhea, extreme fatigue, arthritic joint pain and abdominal pain. In October 1990, he was diagnosed with hepatitis C. In 1996, petitioner went on leave without pay and, thereafter, filed an application for retirement disability incurred in the performance of duty alleging, among other things, "chronic active hepatitis influenza type C." After a hearing, it was recommended that his application be denied. Respondent Comptroller agreed and this CPLR article 78 proceeding ensued.

We reject petitioner's claim of hearing officer bias grounded upon questions proffered to an expert regarding the meaning of "gold bricker's disease."* Working from the presumption that hearing officers are free from bias (*see Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834 [1989], *amended* 74 NY2d 942 [1989]; *Matter of Goldsmith v DeBuono*, 245 AD2d 627, 631 [1997]), a mere appearance of impropriety will not constitute a sufficient basis to set aside an administrative determination (*see* 10 NYCRR 51.17 [a]; *Matter of Goldsmith v DeBuono, supra*). Petitioner wholly failed to sustain his burden of demonstrating factual support for the claim of bias along with " 'proof that the outcome flowed from it' " (*Matter of Goldsmith v DeBuono, supra* at 631, quoting *Matter of Moss v Chassin*, 209 AD2d 889, 890 [1994], *lv denied* 85 NY2d 805 [1995], *cert denied* 516 US 861 [1995]; *see Matter of Rossiello v Regan*, 203 AD2d 868, 870 [1994]; *Matter of Agosto v Coughlin*, 153 AD2d 1008, 1009 [1989]).

Next addressing whether respondent New York State and Local Employees' Retirement System overcame the presumption contained in Retirement and Social Security Law § 507-b (b), which states that when a covered correction officer contracts hepatitis, it will be presumed to have been "contracted * * * in the performance or discharge of his * * * duties, and [he] will be presumed to be disabled from the performance of his * * * duties, unless the contrary be proved by competent evidence," we find sufficient record support for the determination rendered. Although petitioner was entitled to the statutory presumption of disability, the Retirement System rebutted the presumption by presenting competent evidence to the contrary through the testimony of Jeffrey Perkins, a board-certified internist who completed a physical exam of petitioner and

---

* A derogatory term used in the military in the 1940s when describing soldiers claiming an infliction with hepatitis.

reviewed his medical records. He testified that the timing of petitioner's blood transfusion in June 1990 and his diagnosis of hepatitis C in October 1990 coincided with the typical incubation period for hepatitis. He further opined that when such transfusion took place, testing methods would typically miss a positive reading for hepatitis in 22 out of every 100 units of blood. He claimed that at the time of his examination in June 1997, petitioner did not exhibit any objective signs of active hepatitis C, and that based upon the laboratory data and his physical findings, petitioner was not prevented from the performance of his duties.

With the burden now shifted to petitioner to establish the disability claim (*see Matter of Nerney v New York State Policemen's & Firemen's Retirement Sys.*, 156 AD2d 775, 775 [1989], *lv denied* 75 NY2d 710 [1990]; *Matter of Ashley v New York State Policemen's & Firemen's Retirement Sys.*, 132 AD2d 90, 92 [1987]), he alleged that the presumption was not adequately rebutted since the Retirement System did not conclusively eliminate all methods by which he could have contracted hepatitis C. We disagree, finding substantial evidence to support the determination that the presumption was overcome (*see Matter of Shannon v Regan*, 180 AD2d 862, 862 [1992], *lv denied* 80 NY2d 756 [1992]; *Matter of Nerney v New York State Policemen's & Firemen's Retirement Sys., supra* at 776; *cf. Matter of Skae v Regan*, 208 AD2d 1028, 1029 [1994]).

While petitioner's expert, Victor Ludewig, a board-certified gastroenterologist, differed in his opinion as to the progression of the disease at the time of the 1997 examination, as well as in petitioner's ability to perform his duties, his testimony supported the concept of there being an asymptomatic disease or remission, in some cases, for significant periods of time. Additionally, although petitioner testified to numerous instances of inmate intervention resulting in blood to blood contact, no reference thereto is found in any incident report filed at the time of such intervention.

Accordingly, while we agree that the opinion of petitioner's expert could well support a contrary result, it is within the province of the Comptroller to resolve this conflict—a determination which we will not disturb if, as here, it is supported by substantial evidence (*see Matter of Rogers v McCall*, 301 AD2d 723, 725 [2003]; *Matter of Gabrielsen v McCall*, 285 AD2d 895, 896-897 [2001]; *Matter of Rossiello v Regan*, 203 AD2d 868, 869-870 [1994], *supra*).

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.