■ In the Matter of ANNA GAGLIANESE, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS et al., Respondents. [764 NYS2d 664] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for ordinary disability retirement benefits.

Petitioner, a custodial assistant, injured her back on

December 30, 1997 when she slipped and fell while using a machine to scrub the floor. She did not return to work thereafter and filed an application for ordinary disability retirement benefits. Following the initial denial of her application, petitioner requested a hearing and redetermination. At the conclusion of the hearing, the Hearing Officer denied petitioner's application upon the basis that she was not permanently incapacitated from performing her duties. Respondent Comptroller upheld the determination and this CPLR article 78 proceeding ensued.

We confirm. "Initially, in order to qualify for disability retirement benefits under Retirement and Social Security Law article 15, the applicant must be permanently incapacitated from performing his or her regular job duties" (*Matter of Porter v McCall*, 305 AD2d 920, 921 [2003]; *see* Retirement and Social Security Law § 605 [c]). The Comptroller's determination in this regard will be upheld if supported by substantial evidence even though there may be other evidence supporting a contrary conclusion (*see Matter of Porter v McCall, supra* at 921; *Matter of Dann v McCall*, 300 AD2d 790, 791 [2002], *lv dismissed* 100 NY2d 553 [2003]). In making such a determination, the Comptroller is vested with the authority to resolve conflicts in the testimony and to credit the opinion of one medical expert over another (*see Matter of Brown v McCall*, 294 AD2d 703, 705 [2002]; *Matter of Chrysler v McCall*, 292 AD2d 700, 701 [2002], *lv denied* 98 NY2d 611 [2002]; *Matter of Alund v McCall*, 281 AD2d 784, 784 [2001], *lv denied* 96 NY2d 714 [2001]).

Here, the Comptroller chose to credit the opinion of the medical expert of respondent New York State and Local Retirement Systems over that of the other physicians who provided opinions on permanent incapacitation. He noted that the only objective evidence of injury was X rays disclosing a compression fracture in one of petitioner's discs. Based upon this, a physical examination of petitioner and a review of her medical records and job description, he opined that petitioner was not permanently incapacitated from performing the duties of a custodial assistant. Notably, the absence of objective medical evidence, other than the X rays, was observed by two other physicians who expressed confusion over the nature of petitioner's symptoms and the extent of her purported pain. While petitioner's treating physician and pain management specialist indicated that petitioner was permanently incapacitated, the Comptroller was free to reject such opinions particularly since petitioner's treating physician changed his opinion after completing a statement of disability form. Con-

trary to petitioner's assertion, this is not a case like *Matter of Johnson v McCall* (281 AD2d 730 [2001]) wherein the Comptroller improperly required the petitioner to submit objective evidence of disability to establish her claim. Rather, here the Comptroller based his determination upon credible evidence consisting of the opinion of the Retirement System's expert who formed his opinion after conducting a physical examination of petitioner and reviewing her medical records (*see Matter of Myers v McCall*, 297 AD2d 899, 900 [2002]). Therefore, we decline to disturb it.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.