In the Matter of JIMMIE W. HALL, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [768 NYS2d 414]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

In August 1999, petitioner, a grounds keeper at a college, filed an application for disability retirement benefits pursuant to Retirement and Social Security Law article 15. In the application, petitioner alleged that he was permanently disabled due to injuries to his knees, lower back, left hip and left ankle sustained as a result of several accidents dating back to 1979. Following the denial of his application, petitioner sought a hearing and redetermination. In lieu of expert testimony, petitioner relied upon the submission of medical reports and he was the sole witness to testify. The Hearing Officer found that petitioner failed to sustain his burden of proof that he was permanently disabled. Respondent, inter alia, accepted the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

"Initially, in order to qualify for disability retirement benefits under Retirement and Social Security Law article 15, the applicant must be permanently incapacitated from performing his or her regular job duties" (*Matter of Porter v McCall*, 305 AD2d 920, 921 [2003]; *see* Retirement and Social Security Law § 605 [c]). If conflicting medical evidence is presented on this issue,

respondent is vested with the authority to resolve such conflict and to credit the opinion of one expert over that of another (*see Matter of Monk v New York State & Local Retirement Sys.*, 308 AD2d 626, 627 [2003]; *Matter of Alund v McCall*, 281 AD2d 784, 784 [2001], *lv denied* 96 NY2d 714 [2001]). Respondent's determination will be upheld if supported by substantial evidence even if there is proof that would support a contrary conclusion (*see Matter of Gaglianese v New York State & Local Retirement Sys.*, 308 AD2d 669, 670 [2003]; *Matter of Porter v McCall, supra* at 921), "so long as the credited expert provides an 'articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records' " (*Matter of Hill v New York State & Local Retirement Sys.*, 295 AD2d 802, 802 [2002], quoting *Matter of Buczynski v New York State & Local Empls. Retirement Sys.*, 291 AD2d 630, 630 [2002]).

Here, although the record contains conflicting medical evidence concerning petitioner's conditions, we conclude that respondent acted within his authority in crediting the report of the expert retained by the New York State and Local Employees' Retirement System, who opined that petitioner was not permanently disabled or unable to perform all of his regular job duties. Moreover, we note that petitioner's entitlement to disability benefits under Retirement and Social Security Law article 14 has no bearing upon the application herein inasmuch as such benefits are conferred by operation of law when an applicant becomes eligible for Social Security benefits (*see Matter of Principe v McCall*, 255 AD2d 853, 855 [1998]). Accordingly, respondent's determination will not be disturbed.

Petitioner's remaining arguments have been examined and found to be unpersuasive.

Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.