■ In the Matter of SARAMMA A. JOSEPH, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [768 NYS2d 253]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for ordinary and accidental disability retirement benefits.

On May 26, 1998, while working as a registered nurse at a state psychiatric hospital, petitioner was pushed by a patient and fell to the floor sustaining injuries to her back, hip, shoulders and left elbow. She stopped working on June 29, 1998.

Thereafter, she filed applications for ordinary and accidental disability retirement benefits. Following the initial denial of both applications, petitioner requested a hearing and redetermination. At the conclusion of the hearing, the Hearing Officer also denied the applications on the basis that petitioner did not meet her burden of establishing that she was permanently incapacitated from performing her duties. Respondent denied the applications on the same ground and this CPLR article 78 proceeding ensued.

We confirm. "This case turns on the resolution of conflicting medical evidence which is the exclusive province of [respondent] to weigh and evaluate" (*Matter of Dann v McCall*, 300 AD2d 790, 791 [2002], *lv dismissed* 100 NY2d 553 [2003] [citations omitted]; *see Matter of Washington v McCall*, 297 AD2d 901, 901 [2002]). Two medical professionals testified at the hearing. The first, petitioner's treating chiropractor, diagnosed petitioner with lumbar intervertebral disk syndrome, sciatic neuritis and internal derangement of the left hip. He stated that petitioner suffered from vertebral fixation of the lumbosacral spine, as well as lower back pain occasionally radiating to her legs. He acknowledged, however, that many of the range of motion tests he conducted evidencing limitations were subjective in nature. Nevertheless, he described petitioner's condition as chronic and opined that she was permanently disabled from performing the duties of a registered nurse. The orthopedic surgeon who examined petitioner on behalf of the New York State and Local Employees' Retirement System, on the other hand, testified that the tests he administered yielded normal results. He further stated that petitioner actively resisted head and neck movements when he performed certain range of motion tests. In addition, he indicated that petitioner's complaints did not correlate with the objective test results. Consequently, he opined that petitioner did not suffer from a posttraumatic impairment that permanently disabled her from performing the duties of a registered nurse. Respondent chose to credit the testimony of the Retirement System's expert over that of petitioner's chiropractor, which he was entitled to do. Inasmuch as there is substantial evidence supporting respondent's determination, we decline to disturb it even though there is evidence which would support a contrary conclusion (*see Matter of Campany v New York State Retirement Sys.*, 301 AD2d 778, 780 [2003], *lv denied* 99 NY2d 509 [2003]; *Matter of Dann v McCall, supra* at 791).

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.