■ In the Matter of RAYMOND C. TOTH, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [769 NYS2d 918]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by the order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefits.

Petitioner, a former supervisor with the Education Department, filed an application for ordinary disability retirement benefits alleging that job-related stress, depression, anxiety and substance abuse rendered him permanently disabled from the performance of his duties. Following a series of hearings, at which various medical experts appeared and testified, petitioner's application was denied upon the ground that he had failed to establish that he was permanently incapacitated from performing the duties of his position. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination.

Contrary to petitioner's assertion, the record as a whole indeed contains substantial evidence to support respondent's denial of petitioner's application for retirement benefits. Petitioner's treating physician, a family practitioner, testified that petitioner suffered from a host of ailments including, insofar as is relevant to this proceeding, depression, alcohol abuse and back pain. Although acknowledging that some of these conditions were treatable, petitioner's treating physician opined that petitioner's back pain, which was caused by cervical stenosis, significantly reduced petitioner's flexibility and caused such severe pain as to permanently incapacitate petitioner from the performance of his duties, which included frequent traveling and stair climbing.

Conversely, the orthopedic surgeon who evaluated petitioner on behalf of the New York State and Local Employees' Retirement System found no evidence of a permanently disabling orthopedic disability, and the neurologist who conducted a similar evaluation for the Retirement System found only a mild degree of stenosis which, in his opinion, did not render petitioner permanently disabled. Finally, although the psychiatrist who examined petitioner stated that petitioner was partially disabled due to alcohol-related problems and suffered from a moderate depressive disorder, both of which were treatable, he found no evidence of a permanent psychiatric disorder. Accordingly, none of the Retirement System's experts concluded that petitioner was permanently incapacitated from the performance of his

duties. As respondent was free to credit this testimony over that offered by petitioner's treating physician (*see Matter of Gaglianese v New York State & Local Retirement Sys.*, 308 AD2d 669, 670 [2003]), we are unable to discern any basis upon which to disturb respondent's determination.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.