In the Matter of LEO B. McKINNEY, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [774 NYS2d 589]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner, a motor equipment operator for the Town of Ogden, Monroe County, injured his back and neck on November 29, 1994 while carrying a snow fence through a muddy field. Thereafter, he briefly returned to work to a janitorial position, but stopped working completely in February 1995 after experiencing pain in his back while emptying trash. He subsequently applied for disability retirement benefits pursuant to Retirement and Social Security Law article 15 claiming injuries to his neck and back. After his application was disapproved, he requested a hearing and redetermination. At the hearing, petitioner asserted an additional ground for disability, namely, a blood condition known as thrombocytopenia. The Hearing Officer denied his application, concluding that neither petitioner's back condition nor his blood condition rendered him permanently incapacitated. Respondent adopted the Hearing Officer's findings and petitioner commenced this CPLR article 78 proceeding.

" 'Initially, in order to qualify for disability retirement benefits under Retirement and Social Security Law article 15, the applicant must be permanently incapacitated from performing his or her regular job duties' " (*Matter of Gaglianese v New York State & Local Retirement Sys.*, 308 AD2d 669, 670 [2003], quoting *Matter of Porter v McCall*, 305 AD2d 920, 921 [2003]). Respondent's determination in this regard will be upheld so long as it is supported by substantial evidence, even if there is evidence that would support a contrary conclusion (*see Matter of Hall v McCall*, 2 AD3d 1026, 1027 [2003]; *Matter of Porter v McCall, supra* at 921). In making such a determination, respondent is vested with the discretion to evaluate the evidence and may credit the testimony of one medical expert over that of another (*see Matter of Gaglianese v New York State & Local Retirement Sys., supra* at 670; *Matter of Alund v McCall*, 281 AD2d 784, 784 [2001], *lv denied* 96 NY2d 714 [2001]).

In the case at hand, the medical experts gave contradictory opinions concerning the effect of both petitioner's back condition and his blood condition on his ability to perform the duties of a motor equipment operator. Richard Dobson, board-certified in physical medicine and rehabilitation, diagnosed petitioner with a thoracic disc injury in the lower thoracic spine, a thoracic compression fracture in the midthoracic area, a disc injury in his lumbar spine and a posterior annular fissure. He stated that petitioner has a mechanically unstable spine which increases pain and stiffness, and produces spasm. After indicating his familiarity with the requirements of petitioner's job, Dobson opined that petitioner's back condition rendered him

permanently incapacitated from performing such duties. He further stated that petitioner's thrombocytopenia, a condition that produces a low blood platelet count increasing the risk of bleeding, also caused petitioner to be permanently disabled from his duties. He acknowledged, however, that petitioner's blood platelet count was normal at the time of his most recent examination.

Austin Leve, a board-certified orthopedic surgeon who examined petitioner on behalf of the New York State and Local Employees' Retirement System on two occasions, testified that his first examination did not reveal any abnormal findings and was negative from an objective as well as an orthopedic standpoint. He indicated that he reviewed many diagnostic tests, including MRIs and X rays, and found that they showed modest degenerative changes that were not clinically significant. He disagreed with Dobson's interpretation of the diagnostic tests. He further found that, although petitioner exhibited less flexibility and a more restricted range of motion on the second examination, the flexibility in his back remained within normal limits. Leve stated that he was familiar with petitioner's position as a motor equipment operator, as the duties had been verbally related to him by petitioner and he was later provided with a job description. He opined that petitioner was not permanently incapacitated from performing the duties of that position, explaining that there were no objective findings to substantiate petitioner's subjective complaints.

With respect to petitioner's blood condition, John Gullo, a board-certified hematologist who also examined petitioner on behalf of the Retirement System, stated that petitioner had first been diagnosed with this condition approximately 22 years earlier when he was 18 years old. He stated that petitioner went into remission, suffered a relapse in 1995 for which he was successfully treated, and was in remission again during Gullo's October 2001 examination at which time petitioner's blood platelet count was normal. He stated that neither the cause of the relapse nor whether petitioner would suffer another one in the future was known. Gullo opined that as long as petitioner's blood platelet count was normal and his condition remained in remission, he was not permanently incapacitated from performing his duties.

We decline to disturb respondent's determination. Notwithstanding the contrary testimony of Dobson, the testimony and reports of both Leve and Gullo provide substantial evidence supporting the finding of no permanent incapacitation. We have considered petitioner's assertion that his due process rights were violated and find it to be without merit.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.