■ In the Matter of MIGUEL A. VELAZQUEZ, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM et al., Respondents.
[793 NYS2d 253]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner was employed as a police officer for the Port Authority of New York and New Jersey for 22 years and sustained job-related injuries in 1982, 1987, 1994 and 1995. In February 1998, he filed applications for accidental and performance of duty disability retirement benefits claiming, among other things, a job-related back injury and asbestosis. At the conclusion of the hearing, which followed the initial denial of his applications, the Hearing Officer denied the applications. He found that petitioner was not permanently incapacitated from performing the duties of a police officer and that the incidents of 1982 and 1987, as well as the asbestos exposure, were not accidents within the meaning of the Retirement and Social Security Law. Respondent Comptroller upheld the Hearing Officer's decision, prompting petitioner to commence this proceeding.*

Substantial evidence supports the determination regarding petitioner's pulmonary disease. Petitioner's treating physician, who indicated that he was not a pulmonary specialist, made reference to a third party's diagnosis of chronic asbestosis and surmised that this condition could affect petitioner's endurance and prevent him from carrying out his duties. A witness for respondent New York State and Local Retirement System, with an expertise in pulmonary diseases, testified that he found no evidence of asbestosis and petitioner exhibited good pulmonary

---

* As petitioner did not address the Comptroller's findings that the 1982 and 1987 incidents were not accidents, any arguments concerning those findings are deemed abandoned (see Smith v Sheppard, 301 AD2d 913, 914 n [2003]).

function. As the Comptroller had the authority to weigh this conflicting medical evidence and resolve any credibility issues, we decline to disturb his determination that petitioner is not entitled to accidental or performance of duty retirement benefits based on his alleged asbestosis (*see Matter of English v McCall,* 6 AD3d 923, 924-925 [2004]; *Matter of McKinney v McCall,* 6 AD3d 791, 792 [2004]).

We find, however, that the Comptroller's determination regarding petitioner's back injury is not supported by substantial evidence. The Comptroller's "determination will be upheld so long as it is supported by substantial evidence" (*Matter of English v McCall, supra* at 924). Petitioner's physician testified that petitioner has several herniated discs in his cervical, thoracic and lumbar spine and suffers radiculopathy that renders him totally incapable of performing basic tasks as a police officer. The Retirement System's orthopedic expert, Mark Kramer, agreed that recent studies reflected the presence of herniations in petitioner's spine, but found that he exhibited a normal range of motion in his cervical and lumbar regions and his complaints of pain were inconsistent with the earlier radiographic findings. Based on these observations, Kramer opined that petitioner did not have any persisting orthopedic disability that would prevent him from performing the duties of a police officer. His written report, however, indicated that it was "unclear" whether petitioner was disabled and unable to perform his police officer duties. Additionally, on cross-examination, this expert testified that he would advise a patient with petitioner's radiographic findings not to engage in heavy lifting, climbing, jumping or wrestling with someone. This testimony established that he would restrict someone in petitioner's condition from engaging in activities which might be necessary for someone employed as a police officer. In this matter, the testimony and report of Kramer, the Retirement System's only medical witness, was so equivocal and self-contradictory that it does not provide substantial evidence in support of the Comptroller's determination.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as denied petitioner's applications for accidental and performance of duty disability retirement benefits with respect to petitioner's back injury; matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.