In the Matter of KURT R. ADAM, Petitioner, v COUNTY OF ONONDAGA et al., Respondents. [810 NYS2d 232]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Fourth Department) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner sustained an injury to his back while working as a correction officer for respondent County of Onondaga in December 1999. Petitioner subsequently applied for disability retirement benefits pursuant to Retirement and Social Security Law article 15 and that application was denied. Petitioner

sought and obtained a hearing, at the conclusion of which the hearing officer found that petitioner was not permanently incapacitated and denied his application. Upon administrative review, respondent Comptroller (hereinafter respondent) affirmed the hearing officer's determination, prompting petitioner to commence this CPLR article 78 proceeding.

Initially, we note that despite evidence in the record that could support the contrary conclusion, respondent's determination is supported by substantial evidence (see Matter of English v McCall, 6 AD3d 923, 924 [2004]; Matter of McKinney v McCall, 6 AD3d 791, 792 [2004]). Turning to the procedural errors alleged by petitioner, we are not convinced that annulment is required. Petitioner's failure to raise any objection prior to this proceeding regarding the performance of the independent medical examination by a physician who practiced in the same group as petitioner's treating physicians renders the issue unpreserved for appellate review (see Matter of Porter v McCall, 305 AD2d 920, 922 [2003]). Petitioner also failed to preserve his complaints regarding the hearing officer's conduct during the hearing. Notably, respondent looked into these complaints subsequent to the hearing and both the hearing officer and counsel for respondent New York State and Local Employees' Retirement System denied that any such conduct occurred. Finally, there is no merit to petitioner's argument that the hearing officer's revised decision was improper.

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.