Matter of Frederick v New York State Comptroller (2022 NY Slip Op 02605)

Matter of Frederick v New York State Comptroller

2022 NY Slip Op 02605

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

533695
[*1]In the Matter of John Frederick, Petitioner,
v
New York State Comptroller et al., Respondents.

Calendar Date:March 21, 2022

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Miller & Caggiano, LLP, Bohemia (Vanessa Cruz of counsel), for petitioner.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondents.

Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for performance of duty disability retirement benefits.
Petitioner, a correction officer, filed an application for performance of duty disability retirement benefits based on injuries to his right and left shoulder, sustained in incidents in July 2015 and February 2016, when he was attempting to stop altercations between incarcerated individuals. The application was initially denied on the ground that petitioner was not incapacitated from performing his job duties and petitioner requested a hearing and redetermination. Following the hearing, the Hearing Officer concluded that petitioner had not met his burden of demonstrating that he was permanently incapacitated from performing his job duties and denied the application.[FN1] Respondent Comptroller adopted the Hearing Officer's findings and upheld the denial of benefits. This CPLR article 78 proceeding ensued.
"In connection with any application for performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (Matter of Ellrodt v DiNapoli, 169 AD3d 1128, 1128-1129 [2019] [internal quotation marks, ellipsis and citations omitted]; see Matter of Clarke v DiNapoli, 187 AD3d 1286, 1287 [2020]). Stuart Cherney, petitioner's treating orthopedic surgeon, opined that petitioner is permanently incapacitated from performing his job duties based upon restricted overhead motion and inflammation in both shoulders and restricted internal and external rotation in the right shoulder. Dorothy Scarpinato, the orthopedic surgeon who examined petitioner on behalf of respondent New York State and Local Employees' Retirement System, testified that petitioner resisted her range of motion testing, which resulted in findings of a range of motion in both shoulders that were significantly lower than the range calculated by Cherney a few months earlier. In light of this discrepancy, Scarpinato opined that petitioner was being uncooperative during the examination, which prevented her from determining whether he was permanently incapacitated from performing his job duties.[FN2] Although petitioner testified that he was being cooperative during the examination but that pain restricted his range of motion, the Hearing Officer and the Comptroller credited Scarpinato's testimony and medical report and concluded that petitioner had "deliberately frustrated the Retirement System's ability to confirm, and/or rebut, [his] assertions regarding his alleged disability." According deference to that credibility assessment (see Matter of Zanchelli v DiNapoli, 198 AD3d 1058, 1059 [2021]; Matter of Buckshaw v DiNapoli, 169 AD3d 1139, 1141 [2019], lv denied 33 NY3d 904 [2019]), substantial evidence supports the [*2]Comptroller's denial of petitioner's application (see generally Matter of Loysen v New York State & Local Retirement Sys., 100 AD3d 1168, 1169 [2012]; Matter of Joseph v McCall, 2 AD3d 1037, 1038 [2003]).
Garry, P.J., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Respondent New York State and Local Employees' Retirement System conceded that both incidents constituted acts of incarcerated individuals for purposes of qualifying for performance of duty disability retirement benefits (see Retirement and Social Security Law § 607-c [a]).

Footnote 2: Scarpinato further opined that Cherney's range of motion findings would not necessarily result in petitioner being permanently incapacitated from performing his job duties.